UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NXP USA, INC., and NXP B.V., | Case No. C20-1503-RSM-MAT |
| Plaintiffs, | ORDER DENYING OBJECTIONS TO MAGISTRATE JUDGE ORDER DKT. #79 |
| v. | |
| IMPINJ, INC., | |
| Defendant. | |

This matter comes before the Court on Defendant Impinj, Inc.'s Objections to Magistrate Judge Theiler's Order granting in part and denying in part its Motion for Leave to File Amended Answer. Dkt. #84; Dkt #85-1 (amended version). On February 12, 2021, Judge Theiler issued an Order that, *inter alia*, granted leave for Impinj to file an amended answer but denied leave for it to add counterclaims. Dkt. #79. In relevant part, Judge Theiler wrote:

> Impinj also seeks leave to file an amended answer pleading a license as a defense to four of NXP's allegedly infringed patents and adding counterclaims that NXP has infringed eight of Impinj's patents. (Dkt. 63.) The request to add the defense is appropriate in light of Impinj's contention that, if found a beneficiary to a licence agreement, Impinj could not be found to have infringed on four patents. *See* 35 U.S.C. § 271(a) ("whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the

patent") (emphasis added). The Court is otherwise not persuaded by the request for leave to amend. It is true that, pursuant to Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." However, like the judge overseeing Impinj's suit against NXP currently pending in the Northern District of California, *see Impinj, Inc. v. NXP USA, Inc.*, C19-3161-YGR (N.D. Cal.) (Dkt. 33), this Court has a strong interest in keeping the number of patents at issue to a manageable level. Depending on the outcome of PTO proceedings, this matter may require the Court's adjudication of claims associated with eight patents. There is no question a doubling of the number of allegedly infringed patents would substantially increase the complexity and difficulty of litigation and the Court's ability to manage this matter and resolve the parties' disputes expeditiously. The Court, as such, GRANTS in part and DENIES in part Impinj's Motion for Leave to File Amended Answer.

*Id*. at 2.

Impinj brings this Motion under Rule 72(a). Rule 72(a) allows a party whose case is before a magistrate judge to "serve and file objections" to an order addressing nondispositive matters. These objections are to be heard by the district judge in the case, who is to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

Impinj essentially argues that Judge Theiler's ruling was clearly erroneous and contrary to law because she based her decision on "complexity alone" and failed to "address the issue of prejudice." Dkt. #85-1 at 5. Impinj also maintains that:

> …the concerns about complexity are premature because there are currently only two patents at issue, and there is a strong likelihood that most or all of the remaining patents will be dismissed based on an imminent summary judgment motion and/or the pending IPRs. In addition, complexity is a factor relevant to case management, not motions to amend. Courts routinely oversee cases with many more patents than in this case, and there are various case management procedures used to reduce complexity. Finally, Impinj is willing to proceed with only four patents to reduce this concern.

*Id.* Impinj argues that judicial economy is best served here "by litigating patents between the parties relating to the same technology in one case." *Id.*

The Court ordered a response from Plaintiff NXP. NXP's position is that Judge Theiler *did* address prejudice to NXP in her statements about complexity—injecting complexity would prejudice NXP, as argued by NXP in prior briefing before Judge Theiler. Dkt. #90 at 7; *see also* Dkt #70 at 9–12. NXP also maintains that Judge Theiler's ruling makes pragmatic sense because "Impinj's proposed counterclaims cover aspects of RFID technology different than those claimed in NXP's patents, and accuse different products (NXP's) than the Impinj products already accused in this case," thus injecting "unnecessary complexity" and that this would "effectively combine two patent infringement trials into one, add a substantial risk of jury confusion, and very likely require an extension of the Order Setting Trial Date and Related Dates…" *Id.* at 7.

The Court need not run through the entire complex background of this case and parallel litigation in California. The parties are litigating the infringement of each other's patents in multiple forums, and have shuffled the litigation of these patents around between forums. The Court shares Judge Theiler's concerns over managing the complexity of this action, which was originally filed in Delaware in October of 2019.

The Court finds that Impinj has failed to demonstrate clear error in fact or law. The Court agrees with NXP that Judge Theiler inherently addressed prejudice to NXP in her Order when she wrote that the counterclaims would add to "the complexity and difficulty of litigation." She was clearly referring to NXP's briefing on the subject, of which Impinj was well aware. As Impinj would concede, undue prejudice to NXP is a valid basis to deny a motion to amend under Rule 15(a). Judge Theiler was not required to offer more analysis, and

this Court is not going to offer Impinj a second opportunity to make the same arguments about prejudice that were already properly reviewed by Judge Theiler. Given this, the Court finds that the instant objections should be overruled. The remainder of Impinj's arguments are an attempt to convince the Court that Judge Theiler *should* have ruled differently for pragmatic reasons. Such is not a valid basis for Rule 72(a) objections. In any event, the Court agrees with Judge Theiler's pragmatic analysis of this case.

Accordingly, having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Defendant Impinj's Objections to Magistrate Order, Dkt. #84, is DENIED. This matter continues to be referred to Judge Theiler.

DATED this 30th day of April, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE