UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NXP USA INC., et al.,

                Plaintiffs,

    v.

IMPINJ INC.,

                Defendant.

Case No. C20-1503-RSM-SKV

ORDER GRANTING UNOPPOSED
MOTIONS TO SEAL

## INTRODUCTION

This matter comes before the Court on pending motions to seal filed by Defendant
Impinj, Inc. ("Impinj"), Dkts. 88, 103, 113, and Plaintiffs NXP USA, Inc. and NXP B.V.
("NXP"), Dkt. 94, corrected at Dkt. 102. The parties seek to maintain under seal certain
documents associated with Impinj's pending Motion for Partial Summary Judgment, unredacted
copies of related briefing, declarations, and exhibits, and an unredacted copy of Impinj's
response to NXP's pending Motion for Issuance of Letters Rogatory. *See id*. The motions are
unopposed as the parties either do not object to or support and similarly request that the
documents at issue remain under seal. *See* Dkts. 91, 106, 109, 122. The Court, having now

considered the motions, responses, all documents at issue in the motions, and the remainder of the record, herein GRANTS the parties' unopposed motions to seal. Dkts. 88, 94/102, 103, 113.

## DISCUSSION

"There is a strong presumption of public access to the court's files." Local Civil Rules (LRC) 5(g). However, the presumption is not absolute and may be overcome. *See Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). A party must, as a general matter, make a "compelling" showing the public's right of access is outweighed by the party's interest in protecting the documents. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098-102 (9th Cir. 2016). "Under this stringent standard, a court may only seal records when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id.* at 1096-97 (quoting *Kamakana*, 447 F.3d at 1179).

The Court's Local Rules instruct parties to present legal and evidentiary support for a motion to seal. Normally, the motion must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal," including explanation of "i. the legitimate private or public interests that warrant the relief sought; ii. the injury that will result if the relief sought is not granted; and iii. why a less restrictive alternative to the relief sought is not sufficient[,]" along with evidentiary support from declarations where necessary. LCR 5(g)(3)(B). However:

> Where parties have entered a litigation agreement or stipulated protective order (*see* LCR 26(c)(2)) governing the exchange in discovery of documents that a party deems confidential, a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart (3)(B) above. Instead, the party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion.

*Id.*

In this case, the stipulated protective order entered by the Court recognizes that LCR 5(g) "sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal." Dkt. 77 at 2. It provides for designation of documents as "Confidential", for information or things qualifying for protection under Federal Rule of Civil Procedure 26(c), or "Highly Confidential – Attorneys' Eyes Only", for "extremely sensitive" confidential information or things, the disclosure of which "would create a substantial risk of serious harm that could not be avoided by less restrictive means[,]" such as "non-public financial information[], commercially sensitive and non-public sales or marketing related information, and commercially sensitive technical information." *Id*. at 2-3.

The parties now seek to maintain under seal information relating to NXP's licenses and to Impinj's technology, processes, products, and business relationships and communications with its third-party vendors and customers. *See* Dkts. 88, 91, 94/102, 103, 106, 109, 113, and 122. The requests relate to both documents containing such information, including those designated highly confidential and confidential under the protective order, and to unredacted briefing, declarations, and exhibits containing information derived from, referencing, or quoting the highly confidential/confidential documents. *See id.* The parties maintain the information at issue is confidential, proprietary, and/or commercially sensitive and not otherwise publicly available. They contend disclosure of the information would cause competitive harm, would not aid the public in understanding the parties' positions or the judicial process, and that no less restrictive means exist to protect the information.

As reflected above, the parties either agree with or do not object to the requests to seal. At most, NXP reserves the right to object and compel production of an unredacted copy of one exhibit not produced in discovery, but identified by Impinj as a confidential, non-public

communication to its customers, made available through a password-protected customer portal on its website, and containing the confidential, non-public identity of a third party vendor. *See* Dkts. 94, 98-16, and 106.

The Court finds the parties have complied with the requirements of LCR 5(g). They set forth the applicable legal standards and the factual bases and explanations for keeping the documents at issue under seal. They appropriately minimize the number of sealed documents and the amount of partially redacted material. The Court further finds compelling reasons for maintaining all of the documents at issue under seal because they contain confidential, proprietary, and/or commercially sensitive licensing and other business-related information that would harm the parties if disclosed, and because the parties' interests in protecting the information outweighs the public interest in disclosure. The Court therefore GRANTS the motions to seal, Dkts. 88, 94/102, 103, and 113, and ORDERS that the documents identified below remain under seal.

## CONCLUSION

The Court ORDERS as follows:

1.     Defendant's Motion to Seal Certain Documents Associated with its Motion for Partial Summary Judgment, Dkt. 88, is GRANTED, and the following shall remain under seal:

      a.     Exhibits A and B to the Declaration of Ramsey M. Al-Salam in Support of Defendant's Motion ("Al-Salam Declaration"), Dkt. 89-2 – Dkt. 89-3;

      b.     Exhibits 1, 2, and 3 to the Declaration of Ronald Oliver in Support of Defendant's Motion ("Oliver Declaration"), Dkt. 89-6 – Dkt. 89-8;

c.   Unredacted copies of Defendant's Motion, Dkt. 89; the Al-Salam

Declaration, Dkt. 89-1; Exhibit C to the Al-Salam Declaration, Dkt. 89-4;

and the Oliver Declaration, Dkt. 89-5;

2.   Plaintiffs' Motion to Seal Certain Documents Associated with its Opposition to Defendant's Motion for Partial Summary Judgment, Dkt. 94, as corrected by Dkt. 102, is GRANTED, and the following shall remain under seal:

a.   Exhibits 13 to 25 to the Declaration of David L. Witcoff in Support of

Plaintiffs' Opposition ("Witcoff Declaration"), Dkt. 98-4 – Dkt. 98-16;

b.   Unredacted copies of Plaintiffs' Opposition, Dkt. 96; the Witcoff

Declaration, Dkt. 98; Exhibits 5, 9, and 10 to the Witcoff Declaration, Dkt.

98-1 – Dkt. 98-3; and the supportive Declaration of Vivek Subramanian,

Ph.D., Dkt. 97;

3.   Defendant's Motion to Seal Certain Documents Associated with its Reply in Support of its Motion for Partial Summary Judgment, Dkt. 103, is GRANTED, and the following shall remain under seal:

a.   Exhibits 1, 2, and 3 to the Declaration of R. Tyler Kendrick in Support of

Defendant's Reply ("Kendrick Declaration"), Dkt. 103-5 – Dkt. 103-7;

b.   Unredacted copies of Defendant's Reply, Dkt. 103-3; the Kendrick

Declaration, Dkt. 103-4; and the supportive Declaration of Vincent

Bianco, Dkt. 103-8;

4.   Defendant's Motion to Seal Certain Portions of its Response to Plaintiffs' Motion for Issuance of Letters Rogatory, Dkt. 113, is GRANTED, and the unredacted copy of its Response, Dkt. 115, shall remain under SEAL; and

5.      The Clerk is directed to send copies of this Order to the parties and to the Honorable Ricardo S. Martinez.

Dated this 4th day of June, 2021.

S. KATE VAUGHAN
United States Magistrate Judge