UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NXP USA INC., et al.,<br><br>               Plaintiffs,<br><br>   v.<br><br>IMPINJ INC.,<br><br>               Defendant. | Case No. C20-1503-RSM-SKV<br><br>ORDER GRANTING MOTION FOR ISSUANCE OF LETTERS ROGATORY |

Plaintiffs NXP USA, Inc. and NXP B.V. (NXP) filed a Motion for Issuance of Letters Rogatory pursuant to 28 U.S.C. § 1781 and Federal Rule of Civil Procedure 4(f)(2)(B) and 26(b)(1).  Dkt. 111.  They request that the Court issue Letters Rogatory to the Appropriate Judicial Authority of Taiwan compelling the production of documents from Taiwan Semiconductor Manufacturing Company Limited (TSMC), a Taiwanese corporation.  Defendant Impinj, Inc. (Impinj) does not oppose NXP seeking the discovery from TSMC, but argues the Court should not delay resolution of its pending motion for partial summary judgment while NXP attempts to obtain the discovery.  Dkt. 116.

Federal courts have the inherent authority to issue Letters Rogatory to obtain discovery from foreign persons or entities.  *See United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958); *United States v. Reagan*, 453 F.2d 165, 172 (6th Cir. 1971); *Barnes & Noble, Inc. v. LSI Corp.*, No. C11-02709, 2012 WL 1808849, at *1 (N.D. Cal. May 17, 2012); *accord* 28 U.S.C. § 1781(b)(2).  The decision to issue such a request is a matter of discretion.  *Barnes & Noble, Inc. v. LSI Corp.*, 2012 WL 1808849, at *2.  Generally, the Court neither weighs the evidence sought, nor attempts to predict whether it will actually be obtained.  *Id*. (citations omitted).  The Court, instead, considers a request in conjunction with the standards governing the proper scope of discovery.  *See id*.  Under Rule 26(b), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).

Plaintiffs assert they seek information directly relevant to their ability to prove their claims of patent infringement and to contest Defendant's patent exhaustion defense.  They identify the information sought as critical and not available by other means, and explain how the information extends beyond issues relating to Defendant's pending motion for partial summary judgment.  *See* Dkts. 111, 119.  Defendant, as stated above, raises no objection to the discovery requests and asks only that the Court not delay resolution of its pending motion for partial summary judgment.

Given the asserted relevance of the discovery to Plaintiffs' patent infringement claims and the absence of an objection to the request on that basis, the Court finds no need to consider the current motion in relation to the pending motion for partial summary judgment.  Further considering the request for discovery in conjunction with Rule 26(b), the Court herein GRANTS Plaintiffs' Motion for Issuance of Letters Rogatory.  Dkt. 111.  The Court shall issue the

proposed Letters Rogatory in a form modified to reflect the relevance of the discovery to Plaintiffs' patent infringement claims and omit reference to Defendant's patent exhaustion defense.

Dated this 9th day of June, 2021.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER GRANTING MOTION FOR ISSUANCE
OF LETTERS ROGATORY - 3