1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NXP USA INC., et al.,

               Plaintiffs,

    v.

IMPINJ INC.,

               Defendant.

Case No. C20-1503-RSM-SKV

REPORT AND RECOMMENDATION

## INTRODUCTION

Defendant Impinj, Inc. (Impinj) filed a Motion for Partial Summary Judgment. Dkt. 89. Plaintiffs NXP USA, Inc. and NXP B.V. (NXP) oppose the motion. Dkt. 96. Impinj seeks a ruling of noninfringement based on a license to make and sell certain products under NXP's patents. NXP argues Impinj fails to meet its burden on summary judgment and, alternatively, asks the Court to defer ruling pending further discovery. The undersigned, for the reasons set forth below, recommends the Court DEFER ruling on the pending motion.

## BACKGROUND

This patent litigation relates to radio frequency identification ("RFID") technology. NXP accuses Impinj of infringing eight NXP patents. *See* Dkt. 1. The current motion applies to four asserted silicon "wafer patents" (U.S. Patent Nos. 6,680,523 ("the '523 patent"), 7,456,489 ("the

1    '489 patent"), 7,538,444 ("the '444 patent"), and 8,415,769 ("the '769 patent")), relating to the

2    layout of silicon wafers used to fabricate integrated circuits.  Dkt. 89 at 1.  It does not address

3    asserted "circuit patents."  *See* Dkt. 96 at 2.  The motion also focuses only on "Monza R6"

4    wafers, previously identified by NXP as representative of accused products.  *See* Dkts. 1 & 103-

5    3.  *But see* Dkt. 96 at 3, n.5 (describing other accused products).

6         Impinj bases its request for a ruling of noninfringement on its purchase of accused silicon

7    wafers from Taiwan Semiconductor Manufacturing Company Ltd. (TSMC), an entity licensed to

8    make and sell products under NXP's patents.  It appears to be undisputed that TSMC has a

9    license under NXP's patents.  *See* Dkt. 89-1, ¶¶1-4, Ex. A-G.  Impinj maintains, in relevant part,

10   that TSMC fabricated and sold all accused Monza R6 wafers to Impinj and, because the wafer

11   patents fall within the license to TSMC and TSMC is authorized to make and sell wafers under

12   those patents, NXP cannot claim infringement based on Impinj's use, sale, and/or importation of

13   such wafers.  *See Quanta Computer, Inc. v. LG Elecs., Inc.*, 553 U.S. 617, 637 (2008) (where

14   license agreement authorizes sale of products practicing patents, with no limiting conditions, the

15   doctrine of "patent exhaustion" prevents patent owner "from further asserting its patent rights

16   with respect to the patents substantially embodied by those patents."), and *Impression Prod., Inc.*

17   *v. Lexmark Int'l, Inc.*, __ U.S. __, 137 S. Ct. 1523, 1535, 198 L. Ed. 2d 1 (2017) ("So long as a

18   licensee complies with the license when selling an item, the patentee has, in effect, authorized

19   the sale. That licensee's sale is treated, for purposes of patent exhaustion, as if the patentee made

20   the sale itself. The result: The sale exhausts the patentee's rights in that item.")

21        NXP argues Impinj fails to meet its burden to show there are no genuine issues of

22   material fact as to every element of its patent exhaustion affirmative defense.  It identifies, for

23   example, an outstanding factual dispute on the question of whether TSMC sold Impinj Monza

1    R6 products or fabrication services, only the former of which would constitute a sale of an

2    accused product required for a patent exhaustion defense.  *Intel Corp. v. ULSI Sys. Tech. Inc*.,

3    995 F.2d 1566, 1568-70 (Fed. Cir. 1993).  NXP also argues the motion is premature in

4    addressing only one of nineteen accused products and requiring resolution of still undeveloped

5    claim construction issues.  NXP therefore requests the Court, in the alternative to denying

6    summary judgment, defer a ruling until after Impinj provides necessary discovery and to allow

7    the Court to fairly consider the issues presented.

8                                              DISCUSSION

9            Summary judgment is appropriate when there is no genuine issue of material fact and the

10   moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A Court may

11   defer ruling on summary judgment and allow time for discovery "[i]f a nonmovant shows by

12   affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its

13   opposition[.]" Fed. R. Civ. P. 56(d) (a court may: "(1) defer considering the motion or deny it;

14   (2) allow time to obtain affidavits or to take discovery; or (3) issue any other appropriate order.")

15   A party requesting a deferral or denial under Rule 56(d) "must show: (1) it has set forth in

16   affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought

17   exist; and (3) the sought-after facts are essential to oppose summary judgment." *Fam. Home &

18   Finance Ctr. v. Fed. Home Loan Mortgage Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (cited

19   source omitted).  Where a party fails to comply with these requirements, the Court may deny

20   discovery and proceed to summary judgment.  *Id*. (cited source omitted).

21           NXP contends it has diligently sought and Impinj has refused to provide any meaningful

22   discovery on the patent exhaustion defense and that discovery will yield facts relevant to a

23   determination on the merits.  NXP provides a declaration from counsel outlining, and providing

1   documentary support for, its diligent efforts to obtain discovery.  Dkt. 98.  NXP also provides a

2   declaration from an expert opining as to documents and other information that would allow for a

3   determination of any infringing activity.  Dkt. 97.  The expert identifies, for example, the need

4   for "documents that show the full scope of the contractual relationship, design rules and

5   instructions between Impinj and TSMC regarding the design and manufacture of the Monza R6

6   chips and wafers that TSMC makes for Impinj", as well as deposition testimony.  *Id.*, ¶ 8.  NXP

7   also seeks the opportunity to test declarations submitted in support of Impinj's motion, deeming

8   them self-serving, untested either by deposition or withheld documentary evidence, unclear,

9   and/or based on hearsay.  NXP requests, at a minimum, the Court defer ruling until Impinj

10  produces necessary discovery, including documents describing the full context of its

11  relationships with TSMC and other relevant third parties and the "design, manufacture, and

12  back-end processing of the Monza R6 products", and until NXP deposes relevant witnesses.

13          Impinj argues NXP fails to satisfy the standards of Rule 56(d) because NXP cannot show

14  Impinj has withheld any documents essential to the issues.  *See Fam. Home & Fin. Ctr., Inc.*, 525

15  F.3d at 827 (district court did not abuse discretion in denying request to defer ruling upon finding

16  evidence sought "only 'generically relevant'" and a failure to show the evidence was

17  "'essential'" to oppose summary judgment).[1]  Impinj asserts its production of documents

18

19          [1] Impinj also contends a Rule 56(d) request must be made by motion and cannot be included in an
    opposition brief.  *In re Cardtronics ATM Fee Notice Litig.*, 874 F. Supp. 2d 916, 927 (S.D. Cal. May 11,
20  2012).  The Court finds the request sufficient to comply with Rule 56(d).  *Compare Brae Transp., Inc. v.
    Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986) ("References in memoranda and declarations to
21  a need for discovery do not qualify as motions under Rule 56(f).  Rule 56(f) requires affidavits setting
    forth the particular facts expected from the movant's discovery."), *with TMJ Hawaii, Inc. v. Nippon Tr.
22  Bank*, 16 F. App'x 795, 797 (9th Cir. 2001) (although failing to file a separate motion, the party
    "adequately complied with the requirements of Rule 56(f)[]" in expressly invoking the rule in its
    opposition and attaching a detailed sworn declaration explaining the need for additional time and setting
23  forth specific facts expected to be obtained, and thus did "far more to comply" with the rule than the
    plaintiff in *Brae Transportation, Inc.*).  *See also Stevens v. Corelogic, Inc.*, 899 F.3d 666, 676 (9th Cir.
    2018) ("[Rule] 56(d) was, until December 1, 2010, codified as [Rule] 56(f).")

REPORT AND RECOMMENDATION - 4

1    responsive to "essentially all the categories" identified by NXP's expert, including, among other

2    things, all contracts between Impinj and TSMC and those relating to post-TSMC processors.

3    Dkt. 103-3 at 2, 9-11.  Impinj also denies NXP's diligence in seeking essential information,

4    noting the failure to depose any Impinj witnesses despite knowing, at least as early as June 2020,

5    Impinj would seek early summary judgment in relation to the TSMC license.  *See Rosebud LMS*

6    *Inc. v. Adobe Sys. Inc.*, 812 F.3d 1070, 1076 (Fed. Cir. 2016) (finding no abuse of discretion in

7    granting summary judgment before close of discovery where plaintiff had notice of intent to file

8    and did not oppose filing of early dispositive motion and did not serve deposition notices or

9    subpoenas until several weeks after motion filed).  The Court, however, finds a ruling on the

10   pending motion should be deferred pursuant to Rule 56(d).

11        Impinj filed its Motion for Partial Summary Judgment on March 8, 2021.  Dkt. 89.  At

12   the time, this case, although filed in October 2019, remained in early stages of litigation.  Indeed,

13   Impinj recognized as such following transfer of the case to this Court in October 2020, stating in

14   the December 2, 2020 Joint Status Report:  "This case is thus just beginning.  Other than the

15   Order granting transfer, the Delaware court did not issue any substantive orders. There have also

16   been no depositions and only limited document discovery."  Dkt. 62 at 10-11 (describing the

17   case as "in its infancy").  Then, as now, Impinj maintained it had nonetheless produced all

18   documents necessary to consideration of the TSMC license and stressed the importance of a

19   determination on the issue because it could significantly narrow the case.  *Id*. at 13-14.

20        A narrowing of this case, if warranted, is obviously desirable.  However, considering the

21   briefing of the parties and supporting declarations, the Court finds additional time necessary to

22   allow for further discovery and development of the issues prior to resolution of Impinj's motion.

23   For example, NXP maintains and the Court agrees consideration of any written agreements

between TSMC and Impinj is necessary for a determination of whether TSMC sold Impinj

products or fabrication services.  NXP asserts Impinj has not provided such documents and

insufficiently relies on the license between TSMC and NXP and on purchase orders between

TSMC and Impinj, the latter of which lack any terms or conditions or explanation as to the type

of sales at issue or the relationship between the entities.  Impinj maintains it has produced all

contracts between Impinj and TSMC.  Yet, neither party appears to have provided any such

contracts for the Court's consideration.  Nor is it clear whether consideration of those documents

and other discovery would allow for a determination on the issue of the TSMC license at this

stage of the proceedings.  The Court declines to herein address the many different arguments

raised in NXP's opposition and, instead, observes that at least some of the arguments may be

resolved following discovery and any subsequent supplemental briefing.

The Court also finds no basis to deny the request for a deferred ruling due to an alleged

absence of diligence on the part of NXP.  Impinj, as noted above, filed its motion at an early

stage of the proceedings.  NXP also recently sought and secured issuance of Letters Rogatory

compelling the production of documents from TSMC.  *See* Dkts. 111 & 124.

The undersigned, in sum, recommends the Court defer consideration of Impinj's motion

seeking partial summary judgment pursuant to Rule 56(d).  In so doing, the Court should allow

for additional time for relevant discovery, including document production and depositions, as

well as any supplemental briefing as may be needed following that discovery.

<u>CONCLUSION</u>

For the reasons stated above, the Court should DEFER ruling on Impinj's Motion for

Partial Summary Judgment, Dkt. 89, pending further discovery.  A proposed Order accompanies

this Report and Recommendation.

OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 13, 2021**.

Dated this 28th day of July, 2021.


S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7