1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NXP USA, INC., and NXP B.V.,<br><br>                    Plaintiffs,<br><br>        v.<br><br>IMPINJ, INC.,<br><br>                    Defendant. | CASE NO. 2:20-cv-01503-JHC<br><br>ORDER GRANTING MOTION FOR ISSUANCE OF LETTER ROGATORY RE: UNISEM ADVANCED TECHNOLOGIES S.D.N. B.H.D. |

THIS MATTER having come before the Court on Plaintiffs' Motion for Issuance of

Letters Rogatory (Dkt. # 132) and the Court having reviewed the motion and all associated

papers,[1]

IT IS ORDERED, ADJUDGED, AND DECREED that Plaintiffs' Motion for Issuance of

Letters Rogatory is GRANTED.  The Court shall issue a Letter Rogatory in the form submitted

---

[1] The Court DENIES Defendant Impinj, Inc.'s request to strike.  Dkt # 145.  The Court has considered all the arguments and information submitted by the parties in connection with the motion.

ORDER GRANTING MOTION
FOR ISSUANCE OF LETTER
ROGATORY RE: UNISEM
ADVANCED TECHNOLOGIES
S.D.N. B.H.D. - 1

with Plaintiffs' motion.  The Court also DENIES Defendant Impinj, Inc.'s request for an interim

stay (Dkt. # 134).  The Clerk is directed to send uncertified copies of this Order to all counsel of

record and to any party appearing pro se at said party's last known address.

Dated this 23rd day of June, 2022.

*John H. Chun*

John H. Chun
United States District Judge

ORDER GRANTING MOTION
FOR ISSUANCE OF LETTER
ROGATORY RE: UNISEM
ADVANCED TECHNOLOGIES
S.D.N. B.H.D. - 2

1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
8                                      AT SEATTLE

9    NXP USA, INC., and NXP B.V.,

10                         Plaintiffs,              NO.  2:20-cv-01503-JHC

11            v.                                    LETTER ROGATORY

12   IMPINJ, INC.,

13                         Defendant.

14

15        TO THE APPROPRIATE JUDICIAL AUTHORITY OF MALAYSIA:

16        The United States District Court for the Western District of Washington presents its

17   compliments to the Appropriate Judicial Authority of Malaysia, and requests judicial assistance to

18   obtain evidence to be used in a civil proceeding before this Court in the above-captioned matter.

19        The Court requests the assistance described herein in the interests of justice.

20                              **I.      REQUEST**

21        The Court requests that the Appropriate Judicial Authority of Malaysia compel production

22   of documents from the following corporate entity:

23        Unisem Advanced Technologies SDN BHD
          No. 1, Persiaran Pulai Jaya 9
24        Kawasan Perindustrian Pulai Jaya
          31300 Ipoh, Perak Darul Ridzuan
25        Malaysia

26

LETTER ROGATORY- 1
(Case No. 2:20-cv-01503-JHC)

1  Specifically, the Court requests that Unisem Advanced Technologies SDN BHD
2  ("Unisem") produce the documents and things set out in **Exhibit A** to this Request.

3  The Court understands that the documents and information requested may be of a
4  confidential nature.  As such, there is a Protective Order in this case to protect the confidentiality
5  of any documents produced.  A copy of the Protective Order is appended to **Exhibit A**.

## II.    FACTS

7  Plaintiffs NXP USA, INC. and NXP B.V. ("NXP") filed suit against Defendant Impinj, Inc.
8  ("Impinj") in the United States District Court for the District of Delaware, seeking a judgment that
9  Impinj infringes U.S. Patent Nos. 6,680,523; 7,456,489; 7,538,444; 8,415,769; 7,795,951;
10  7,257,092; 6,819.092; and 7,374,097 (collectively, the "Asserted Patents").  On September 23,
11  2020, the case was transferred to the Western District of Washington.  NXP seeks injunctive relief
12  and an award of damages from Impinj to compensate for the alleged patent infringement.  The
13  technology described and claimed in the Asserted Patents relates to, among other things: certain
14  types of radio frequency identification ("RFID") tag chips, certain ways those chips are designed
15  and fabricated onto semiconductor wafers, certain ways those wafers are designed and later cut
16  into single chips, and certain ways that RFID readers communicate with RFID tag chips.  In
17  response to NXP's infringement claims, Impinj asserts an affirmative defense of patent exhaustion
18  based on a license agreement between NXP and TSMC.  The documents requested in **Exhibit A**
19  are crucial to NXP's ability to demonstrate Impinj's infringement of the Asserted Patents and to
20  properly and fully respond to Impinj's patent exhaustion defense.

## III.    OFFER OF RECIPROCAL ASSISTANCE

22  The United States District Court for the Western District of Washington is willing to
23  provide similar assistance to the Appropriate Judicial Authority of Malaysia.  *See* 28 U.S.C. §
24  1782.

LETTER ROGATORY- 2
(Case No. 2:20-cv-01503-JHC)

## IV.   REIMBURSEMENT FOR COSTS

NXP's counsel is willing to reimburse the Appropriate Judicial Authority of Malaysia for costs and expenses incurred in executing this Letter Rogatory.

DATED this 23rd day of June, 2022.

_____
John H. Chun
United States District Judge

Requesting Party:

HARRIGAN LEYH FARMER & THOMSEN LLP

By: _s/Tyler L. Farmer_____
By: _s/Bryn R. Pallesen_____
    Tyler L. Farmer, WSBA #39912
    Bryn R. Pallesen, WSBA #57714
    999 Third Avenue, Suite 4400
    Seattle, WA 98104
    Tel:   (206) 623-1700
    Fax:   (206) 623-8717
    Email: tylerf@harriganleyh.com
    Email: brynp@harriganleyh.com

_Attorneys for NXP USA, Inc. and NXP B.V._

**Exhibit A**

1.      For each different wafer bearing chips for each version of each Accused Product, all documents within Your possession, custody, or control sufficient to identify and describe in detail:

      a.   the wafer's design, layout, structure, and operation;

      b.   the marks, structures, or other elements on the wafer used for alignment during singulation (also known as dicing) of the die on the wafer, and documents relating to such identification or use, including but not limited to instructions or communications to or from Impinj or any other party (for example the entity manufacturing or singulating the wafer) relating to such identification or use;

      c.   the layout and design of control modules on the wafer, including process control modules and optical control modules;

      d.   the layout and design of marks, structures, or other elements for alignment of the reticles used in the fabrication or processing of the wafer;

      e.   the layout and design of marks, structures (including circuit structures), or other elements for alignment of equipment used to  singulate or otherwise process the wafer;

      f.   how equipment is to be aligned for singulation;

      g.   how You determine what equipment and process to use for singulation;

      h.   marks, structures, or other elements on the wafer used for alignment of equipment for singulating the die on the wafer;

      i.   assembly services performed with regard to the wafer;

      j.   Enduro processing;

      k.   Your Enduro Qualifications;

      l.   each third party involved in the design, fabrication, processing, singulation, distribution, or supply of the wafer and their roles in such activities;

      m.  the integrated circuits on each wafer;

      n.   verification or testing of the integrated circuits on each wafer;

      o.   verification, testing, or quality assurance of the post-processed wafer, and who is or was involved in the verification, testing, or quality control process;

    p.   design review, design process and specification, verification, and testing relating to the wafer, including AOI or other inspection;

    q.   the party from whom You receive the wafer before you perform any singulation or Enduro processing services;

    r.   each party to whom You send the wafer after it is processed;

    s.   each transfer and other movement of the wafer between the parties involved in its fabrication, manufacturing, processing, or singulation;

    t.   the raw wafer corresponding to the wafer; and

    u.   the differences between the wafer and the corresponding raw wafer.

    2.     For each different wafer bearing chips for each version of each Accused Product, all documents within Your possession, custody, or control relating to:

    a.   the specifications and layout documents relating to the wafer;

    b.   communications between You and Impinj relating to wafer design, wafer layout, alignment, singulation, or Enduro processing;

    c.   communications between You and TSMC or other any other entity (including Impinj) relating to singulation, Enduro processing, or to wafer design and marks, structures, or other elements on the wafer used for singulation, including but not limited to instructions regarding the specific marks, structures, or other elements on the wafer used for alignment to use in singulating the wafer and how to use those marks, structures, or other elements;

    d.   communications between You and Impinj, or You and TSMC, concerning this Litigation, or the agreement entered into between Taiwan Semiconductor Manufacturing Company Limited ("TSMC") and Koninklijke Philips Electronics N.V. ("KPENV"), effective January 1, 2004, or the license agreement entered into among TSMC, Koninklijke Philips Electronics N.V. ("Royal Philips"), and Philips Semiconductors International B.V. ("PSI"), effective September 25, 2006;

    e.   consignment, cost-shifting or sharing, subsidization or any other agreements between You and Impinj relating to any equipment You use or have used for singulation, Enduro processing, and all communications relating thereto;

    f.   contracts, purchase orders, invoices, shipping, or other agreements between You and Impinj or any other third party reflecting Your sale, purchase, or receipt of the wafer or sales of services to singulate or otherwise process the wafer, including Enduro processing, and all communications relating thereto;

2

     g.   price quotations or requests for proposal between You and Impinj or any other third party concerning the sale, purchase, or receipt of the wafer or sales of services to singulate or otherwise process the wafer, including Enduro processing, and all communications relating thereto; and

     h.   other contracts, agreements, or communications between You and Impinj or any other party relating to the wafer or the die thereon, including but not limited to their singulation, or Enduro processing.

## **Instructions**

1.    For purposes of this subpoena, You should designate documents and communications for protection in accordance with the Protective Order entered in this Litigation on January 1, 2021 and attached hereto.

## **Definitions**

For purposes of this subpoena, the following definitions apply:

1.    "You" and "Your" shall mean and refer to Unisem Advanced Technologies Sdn Bhd, its predecessors, successors, subsidiaries, parents (including but not limited to Unisem (M) Berhad.), and each of the affiliates, officers, directors, employees, agents, attorneys, representatives, and any other person acting on its behalf.

2.    "Impinj" shall mean and refer to Impinj, Inc., its predecessors, successors, subsidiaries, parents, and each of the affiliates, officers, directors, employees, agents, attorneys, representatives, and any other person acting on its behalf.

3.    "Litigation" shall mean and refer to the lawsuit currently pending in U.S. District Court for the Western District of Washington titled *NXP USA, Inc. & NXP B.V. v. Impinj, Inc.*, No. 2:20-cv-01503-RSM-SKV.

4.    "Accused Products" shall refer individually and collectively to Impinj's RFID tag chips, including Monza® 4 series RFID tag chips (a series that includes at least 4D, 4E, 4i, and 4QT tag chips), Monza® 5 series RFID tag chips, Monza® 6 series RFID tag chips (a series that includes at least R6, R6-P, R6-A, R6-B, and S6-C tag chips), Monza® X series RFID tag chips (a series that includes at least X-8K and X-2K tag chips), M700 series RFID tag chips (a series that includes at least M730 and M750 tag chips), and semiconductor wafers bearing any such chips; Impinj's RFID tag reader chips, including the Indy® family of reader chips (a family that includes at least RS500, RS1000, and RS2000 reader chips); Impinj's RFID readers, including the Speedway® family of RFID readers (a family that includes at least R120, R220, and R420 readers), and R700 RFID readers; and any other Impinj product that supports a FastID™ inventory mode.

5.      "Document" means all written, graphic, or printed matter of any kind, however produced or reproduced, including all originals, drafts, working papers, and all nonidentical copies, whether different from the originals by reason of any notation made on such copies or otherwise, and electronic, mechanical, or electrical records or representations of any kind, translated through detection devices into reasonably usable form, and includes any document otherwise responsive to this request that has been lost, destroyed, or has otherwise disappeared.

The term "document" includes but is not limited to: papers, books, book entries, accounts, letters, photographs, objects, tangible things, correspondence, e-mails, telegrams, cables, telex or telefax messages, memoranda, notes, data, notations, work papers, interoffice communications, interdepartmental communications, minutes, reports, records of any communications (including telephone or other conversations, interviews, conferences or committee or other meetings), affidavits, statements, summaries, opinions, reports, studies, analyses, formulae, plans, specifications, surveys, contracts, licenses, agreements, offers, acceptances, journals, books or records of accounts, summaries of accounts, bills, receipts, balance sheets, income statements, advertisements, desk calendars, appointment books, diaries, lists, tabulations, charts, graphs, maps, surveys, sound recordings, computer records or impressions, microfilm, all other records kept by electronic, photographic, or mechanical means, and things similar to any of the foregoing, however denominated.

6.      "Relating to" shall mean any and all information or documents that constitute, deal with, relate to, refer to, pertain to, discuss, comment on, or comprise, whether in whole or in part, a given subject, including without limitation documents concerning the preparation of other documents.

7.      The terms "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

# APPENDIX A

1

2

3

4

5

6
                                                              HONORABLE RICARDO S. MARTINEZ

7                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
8                                    AT SEATTLE

9    NXP USA, INC., and NXP B.V.,

10                        Plaintiffs,                    NO.  2:20-cv-01503-RSM-MAT

11          v.                                           [~~PROPOSED~~] STIPULATED PROTECTIVE
                                                         ORDER FOR LITIGATION INVOLVING
12   IMPINJ, INC.,                                       PATENTS, HIGHLY SENSITIVE
                                                         CONFIDENTIAL INFORMATION AND/OR
13                        Defendant.                     TRADE SECRETS

14                                                       NOTED ON MOTION CALENDAR:
                                                         DECEMBER 22, 2020
15

16

17   1.          PURPOSES AND LIMITATIONS

18          Disclosure and discovery activity in this action are likely to involve production of

19   confidential, proprietary, or private information for which special protection from public disclosure

20   and from use for any purpose other than prosecuting this action may be warranted. Accordingly,

21   the parties hereby stipulate to and petition the court to enter the following Stipulated Protective

22   Order. The parties acknowledge that this Order does not confer blanket protections on all

23   disclosures or responses to discovery and that the protection it affords from public disclosure and

24   use extends only to the limited information or items that are entitled to confidential treatment

25   under the applicable legal principles.  The parties further acknowledge, as set forth in Section 14.3,

26   below, that this Stipulated Protective Order does not entitle them to file confidential information

under seal; Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    California Litigation: *Impinj, Inc. v. NXP USA, Inc.*, Case No. 4:19-cv-03161-YGR (N.D. Cal.).

2.4    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

[PROPOSED] STIPULATED PROTECTIVE
ORDER FOR LITIGATION INVOLVING
PATENTS, HIGHLY SENSITIVE CONFIDENTIAL
INFORMATION AND/OR TRADE SECRETS - 2
(Case No. 2:20-cv-01503-RSM-MAT )

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700    FAX (206) 623-8717

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information includes, for example, non-public financial information,[1] commercially sensitive and non-public sales or marketing related information, and commercially sensitive technical information.

2.9     "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing Source Code, and associated comments and revision histories, flow charts, artwork, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    House Counsel: attorneys who are employees of a Party. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record: attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are employees of a law firm which has appeared on behalf of that Party.

2.13    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

---

[1] The Parties anticipate that some sales information may be shared with in-house counsel in the context of settlement discussions, should such discussions arise.

[PROPOSED] STIPULATED PROTECTIVE
ORDER FOR LITIGATION INVOLVING
PATENTS, HIGHLY SENSITIVE CONFIDENTIAL
INFORMATION AND/OR TRADE SECRETS - 3
(Case No. 2:20-cv-01503-RSM-MAT )

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

2.15    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, retrieving data in any form or medium, or jury consultants) and their employees and subcontractors.

2.16    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.18    <u>Source Code:</u>  Source Code includes human-readable programming language text that defines software, firmware, and integrated circuits.  Source Code also includes ".include files," "make" files, "link" files, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, micro-controller, or DSP.  Source Code further includes, but is not limited to, GDSII files, Netlists, files containing Source Code in VHDL, Verilog, and other Hardware Description Language ("HDL") formats, including but not limited to, Register Transfer Level ("RTL") descriptions.  For clarity, this designation will not extend to documents that contain small portions of such code.

3.    <u>SCOPE</u>

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the

[PROPOSED] STIPULATED PROTECTIVE
ORDER FOR LITIGATION INVOLVING
PATENTS, HIGHLY SENSITIVE CONFIDENTIAL
INFORMATION AND/OR TRADE SECRETS - 4
(Case No. 2:20-cv-01503-RSM-MAT )

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700    FAX (206) 623-8717

public record through trial or otherwise; and (b) any information known to the Receiving Party

prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

obtained the information lawfully and is under no obligation of confidentiality to the Designating

Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.     DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this

Order shall remain in effect until and unless a Designating Party agrees otherwise in writing or a

court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of

all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after

the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

including the time limits for filing any motions or applications for extension of time pursuant to

applicable law.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or

Non-Party that designates information or items for protection under this Order must take care to

limit any such designation to specific material that qualifies under the appropriate standards. To

the extent it is practical to do so, the Designating Party must designate for protection only those

parts of material, documents, items, or oral or written communications that qualify – so that other

portions of the material, documents, items, or communications for which protection is not

warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are

shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

unnecessarily encumber or retard the case development process or to impose unnecessary expenses

and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for

protection do not qualify for protection at all or do not qualify for the level of protection initially

[PROPOSED] STIPULATED PROTECTIVE
ORDER FOR LITIGATION INVOLVING
PATENTS, HIGHLY SENSITIVE CONFIDENTIAL
INFORMATION AND/OR TRADE SECRETS - 5
(Case No. 2:20-cv-01503-RSM-MAT )

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

1  asserted, that Designating Party must promptly notify all other parties that it is withdrawing the

2  mistaken designation.

3      5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order

4  (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

5  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly

6  so designated before the material is disclosed or produced.

7      Designation in conformity with this Order requires:

8      (a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but

9  excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

10 affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

11 ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected

12 material. If only a portion or portions of the material on a page qualifies for protection, the

13 Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

14 markings in the margins) and must specify, for each portion, the level of protection being asserted.

15 If only a portion or portions of the material in a document contain Protected Material, the

16 Producing Party must also affix on the cover page of any such document a conspicuous notice that

17 the document contains Protected Material and an identification of each of the levels of protection

18 being asserted in the document.

19     A Party or Non-Party that makes original documents or materials available for inspection

20 need not designate them for protection until after the inspecting Party has indicated which material

21 it would like copied and produced. During the inspection and before the designation, all of the

22 material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

23 ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

24 copied and produced, the Producing Party must determine which documents, or portions thereof,

25 qualify for protection under this Order. Then, before producing the specified documents, the

26 Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY

[PROPOSED] STIPULATED PROTECTIVE
ORDER FOR LITIGATION INVOLVING
PATENTS, HIGHLY SENSITIVE CONFIDENTIAL
INFORMATION AND/OR TRADE SECRETS - 6
(Case No. 2:20-cv-01503-RSM-MAT )

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded), or in writing served on all Parties within 21 days after receiving a final transcript of the deposition, hearing, or other proceeding, a right to have up to 21 days after receiving the final transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.  If no indication on the record is made, all testimony and information disclosed during a deposition shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed, until the time within which it may be appropriately designated as provided for herein has passed. Any Party that wishes to disclose the transcript that has been deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as a result of no designation having been made on the record at the time the testimony was given, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within 21 days after receiving the final transcript, or else the transcript may be treated as non-confidential.  Pages of transcribed deposition testimony or

[PROPOSED] STIPULATED PROTECTIVE
ORDER FOR LITIGATION INVOLVING
PATENTS, HIGHLY SENSITIVE CONFIDENTIAL
INFORMATION AND/OR TRADE SECRETS - 7
(Case No. 2:20-cv-01503-RSM-MAT )

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

1   exhibits to depositions that reveal Protected Material must be separately bound by the court

2   reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective

3   Order.

4          Parties shall give the other parties at least 2 business days' written notice if they reasonably

5   expect a deposition, hearing or other proceeding to include Protected Material so that the other

6   parties can ensure that only authorized individuals who have signed the "Acknowledgment and

7   Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as

8   an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or

9   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

10         Transcripts containing Protected Material shall have an obvious legend on the title page

11  that the transcript contains Protected Material, and the title page shall be followed by a list of all

12  pages (including line numbers as appropriate) that have been designated as Protected Material and

13  the level of protection being asserted by the Designating Party. The Designating Party shall inform

14  the court reporter of these requirements. Any transcript that is prepared before the expiration of a

15  21-day period for designation shall be treated during that period as if it had been designated

16  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise

17  agreed. After the expiration of that period, the transcript shall be treated only as actually

18  designated.

19         (c) for information produced in some form other than documentary and for any other

20  tangible items that the Producing Party affix in a prominent place on the exterior of the container

21  or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY

22  CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – SOURCE

23  CODE." If only a portion or portions of the information or item warrant protection, the Producing

24  Party, to the extent practicable, shall identify the protected portion(s) and specify the level of

25  protection being asserted.

26

[PROPOSED] STIPULATED PROTECTIVE
ORDER FOR LITIGATION INVOLVING
PATENTS, HIGHLY SENSITIVE CONFIDENTIAL
INFORMATION AND/OR TRADE SECRETS - 8
(Case No. 2:20-cv-01503-RSM-MAT )

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700    FAX (206) 623-8717

5.3     Inadvertent Failures to Designate. If corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for its belief that the confidentiality designation was not proper for each challenged designation. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

[PROPOSED] STIPULATED PROTECTIVE
ORDER FOR LITIGATION INVOLVING
PATENTS, HIGHLY SENSITIVE CONFIDENTIAL
INFORMATION AND/OR TRADE SECRETS - 9
(Case No. 2:20-cv-01503-RSM-MAT )

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

6.3     Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation and for no other purpose, except that the Parties agree that any such Protected Material may be used in the California Litigation provided that the same level of confidentiality is afforded to their use in that case. The Parties also agree that any materials disclosed or produced in the California Litigation may be used in this case, and any confidentiality designations afforded such materials will be treated as if designated pursuant to the terms of this Order. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

[PROPOSED] STIPULATED PROTECTIVE
ORDER FOR LITIGATION INVOLVING
PATENTS, HIGHLY SENSITIVE CONFIDENTIAL
INFORMATION AND/OR TRADE SECRETS - 10
(Case No. 2:20-cv-01503-RSM-MAT )

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700    FAX (206) 623-8717

1   (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of

2   said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for

3   this litigation;

4   (b) up to four (4) officers, directors, and employees (including House Counsel) of the

5   Receiving Party to whom disclosure is reasonably necessary for this litigation who have signed the

6   "Acknowledgment and Agreement to Be Bound" (Exhibit A) and who have been designated as,

7   and disclosed to the Producing Party as, one of a maximum of four (4) officers, directors, and

8   employees (including House Counsel) that may receive CONFIDENTIAL information or Items.[2]

9   (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

10   reasonably necessary for this litigation or in the California Litigation and who have signed the

11   "Acknowledgment and Agreement to Be Bound" (Exhibit A), appended hereto, or the

12   "Acknowledgement and Agreement to Be Bound" appended as Exhibit A to the Stipulated

13   Protective Order entered in the California Litigation (Dkt. 62), and provided that no unresolved

14   objections to such disclosure exist after proper notice has been given to all Parties as set forth in

15   Section 7.4.  Experts disclosed pursuant to the Stipulated Protective Order entered in the California

16   Litigation (Dkt. 62), to whom the Producing Party did not object, shall also sign the

17   "Acknowledgement and Agreement to be Bound' (Exhibit A), appended hereto, for the purpose of

18   appointing a Washington agent for service of process in connection with this action or any

19   proceedings related to enforcement of this Stipulated Protective Order;

20   (d) the court and its personnel;

21   (e) court reporters and their staff, professional jury or trial consultants, and Professional

22   Vendors, as well as employees and/or subcontractors thereto, to whom disclosure is reasonably

23   necessary for this litigation;

24

25

26

---

[2] Disclosure of officers, directors, and employees (including House Counsel) that may receive CONFIDENTIAL information includes: (a) setting forth the full name of the person and the city and state of his or her primary residence, and (b) identifying the person's current employer(s), titles, and job responsibilities.

[PROPOSED] STIPULATED PROTECTIVE
ORDER FOR LITIGATION INVOLVING
PATENTS, HIGHLY SENSITIVE CONFIDENTIAL
INFORMATION AND/OR TRADE SECRETS - 11
(Case No. 2:20-cv-01503-RSM-MAT )

(f) during their depositions, witnesses who are officers, directors, employees, or 30(b)(6) designees of the Designating Party and to whom disclosure is reasonably necessary; witnesses who can be shown to have seen or had access to the document or information and to whom disclosure is reasonably necessary; for 30(b)(6) designees "reasonably necessary" shall be limited to documents that are related to the topics they were designated to testify regarding; or witnesses who can be shown to currently have authority to access such document or information and to whom disclosure is reasonably necessary.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h) any other person with the prior written consent of the Designating Party.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), , appended hereto, or the "Acknowledgement and Agreement to Be Bound" appended as Exhibit A to the Stipulated Protective Order entered in the California Litigation (Dkt. 62), (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed, and (4) provided that no unresolved objections to such disclosure exist after proper notice has been given to all Parties as

[PROPOSED] STIPULATED PROTECTIVE
ORDER FOR LITIGATION INVOLVING
PATENTS, HIGHLY SENSITIVE CONFIDENTIAL
INFORMATION AND/OR TRADE SECRETS - 12
(Case No. 2:20-cv-01503-RSM-MAT )

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

set forth in Section 7.4. Experts disclosed pursuant to the Stipulated Protective Order entered in the California Litigation (Dkt. 62), to whom the Producing Party did not object, shall also sign the "Acknowledgement and Agreement to be Bound' (Exhibit A), appended hereto, for the purpose of appointing a Washington agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order;

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors, as well as employees and/or subcontractors thereto, to whom disclosure is reasonably necessary for this litigation; and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information or who currently has authority to access such document or information;

(f) during their depositions, witnesses who are officers, directors, employees, or 30(b)(6) designees of the Designating Party and to whom disclosure is reasonably necessary; witnesses who can be shown to have seen or had access to the document or information and to whom disclosure is reasonably necessary; for 30(b)(6) designees "reasonably necessary" shall be limited to documents that are related to the topics they were designated to testify regarding; or witnesses who can be shown to currently have authority to access such document or information and to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

7.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that

[PROPOSED] STIPULATED PROTECTIVE
ORDER FOR LITIGATION INVOLVING
PATENTS, HIGHLY SENSITIVE CONFIDENTIAL
INFORMATION AND/OR TRADE SECRETS - 13
(Case No. 2:20-cv-01503-RSM-MAT )

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY
CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(b) first must make a written
request to the Designating Party that (1) identifies the general categories of "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE
CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets
forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches
a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies
each person or entity from whom the Expert has received compensation or funding for work in his
or her areas of expertise or to whom the expert has provided professional services, including in
connection with a litigation, at any time during the preceding five years,[3] and (6) identifies (by
name and number of the case, filing date, and location of court) any litigation in connection with
which the Expert has offered expert testimony, including through a declaration, report, or testimony
at a deposition or trial, during the preceding five years.  Further, the Party seeking to disclose
Protected Material shall provide such other information regarding the Expert's professional
activities reasonably requested by the Producing Party for it to evaluate whether good cause exists
to object to the disclosure of Protected Material to the Expert.

(b) A Party that makes a request and provides the information specified in the preceding
respective paragraphs may disclose the subject Protected Material to the identified Expert unless,
within 7 days of delivering the initial request, the Party receives a written objection from the
Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the
Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement
within seven days of the written objection. If no agreement is reached, the Party seeking

---

[3] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert
should provide whatever information the Expert believes can be disclosed without violating any confidentiality
agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating
Party regarding any such engagement.

[PROPOSED] STIPULATED PROTECTIVE
ORDER FOR LITIGATION INVOLVING
PATENTS, HIGHLY SENSITIVE CONFIDENTIAL
INFORMATION AND/OR TRADE SECRETS - 14
(Case No. 2:20-cv-01503-RSM-MAT )

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

to make the disclosure to the Expert may file a motion under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.    PROSECUTION BAR

Absent written consent from the Producing Party, any individual who accesses or reviews, whether directly or indirectly, another Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information of a technical nature shall not be involved in the prosecution of patents or patent applications relating to RFID (radio frequency identification) systems, including RFID ICs (integrated circuits), tags, modules, readers, writers, gateways, and software, and including without limitation the patents asserted at any time in this action and any patent or application claiming priority to or otherwise related to the patents asserted at any time in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly in any of the following activities: (a) drafting, amending, or advising on patent applications, specifications, claims or responses to office actions, or otherwise affecting the scope or maintenance of claims in patents or patent applications; and (b) providing advice to a Party regarding what patents or patent applications to acquire.[4]  To avoid any

---

[4] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

[PROPOSED] STIPULATED PROTECTIVE
ORDER FOR LITIGATION INVOLVING
PATENTS, HIGHLY SENSITIVE CONFIDENTIAL
INFORMATION AND/OR TRADE SECRETS - 15
(Case No. 2:20-cv-01503-RSM-MAT )

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

doubt, "prosecution" as used in this paragraph does not include representing a party challenging or defending a challenge to the validity of a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination *inter partes* review, post grant review, or covered business method review before the United States Patent and Trademark Office), and does not include providing legal advice regarding the validity, ownership, and assignment of patents and patent applications.  To avoid any doubt, nothing in these provisions is intended to preclude counsel from participating in actions relating to settlement of litigations between the Parties. This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final disposition of this action.  The bar shall only apply to individuals who receive or review the designated information set forth above and shall not be imputed to that individual's firm.

9.   <u>SOURCE CODE</u>

(a)    To the extent production of HIGHLY CONFIDENTIAL – SOURCE CODE Information or Items becomes necessary in this case, a Producing Party may designate such Information or Items as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret Source Code or other Information or Items defined in section 2.9 above.

(b)    Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4.

(c)    Any Source Code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually

[PROPOSED] STIPULATED PROTECTIVE
ORDER FOR LITIGATION INVOLVING
PATENTS, HIGHLY SENSITIVE CONFIDENTIAL
INFORMATION AND/OR TRADE SECRETS - 16
(Case No. 2:20-cv-01503-RSM-MAT )

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

agreed upon location. The Source Code shall be made available for inspection on a secured

computer ("Source Code Computer") in a secured room without Internet access or network access

to other computers ("Source Code Review Room"), and the Receiving Party shall not copy,

remove, or otherwise transfer any portion of the Source Code onto any recordable media or

recordable device. The Producing Party may visually monitor the activities of the Receiving

Party's representatives during any source code review, but only to ensure that there is no

unauthorized recording, copying, or transmission of the Source Code.

(d)     The Producing Party shall install tools that are sufficient for viewing and searching

the Source Code produced, if such tools exist and are presently used in the ordinary course of the

Producing Party's business.  The Receiving Party's Outside Counsel and/or experts may request

that commercially available software tools for viewing and searching Source Code be installed on

the secured computer, provided, however, that (a) the Receiving Party possesses an appropriate

license to such software tools; (b) the Producing Party approves such software tools, which

approval shall not be unreasonably withheld; and (c) such other software tools are reasonably

necessary for the Receiving Party to perform its review of the Source Code consistent with all of

the protections herein.  The Receiving Party must provide the Producing Party with a CD or DVD

(or via other appropriate means, e.g., flash/thumb drive or file transfer) containing such licensed

software tool(s) at least 14 days in advance of the date upon which the Receiving Party wishes to

have the additional software tools available for use on the Source Code Computer.

(e)     No recordable media or recordable devices, including without limitation sound

recorders, computers, tablets, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or

drives of any kind, shall be permitted into the Source Code Review Room.

(f)     The Receiving Party's Outside Counsel and/or experts shall be entitled to take notes

relating to the Source Code but may not copy Source Code into the notes and may not take such

notes electronically on the Source Code Computer itself or any other computer, though they may

make reference to words, phrases, and passages that appear in such Source Code.  Each page of

[PROPOSED] STIPULATED PROTECTIVE
ORDER FOR LITIGATION INVOLVING
PATENTS, HIGHLY SENSITIVE CONFIDENTIAL
INFORMATION AND/OR TRADE SECRETS - 17
(Case No. 2:20-cv-01503-RSM-MAT )

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700    FAX (206) 623-8717

any such notes containing Source Code information (and any additional notes, analyses, or descriptions relating thereto) must be marked as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."

    (g)    Access to and review of the Source Code shall be strictly for the purposes of investigating the claims and defenses at issue in this action.  Unless otherwise agreed by the Parties in writing, no person shall review or analyze any Source Code for purposes unrelated to this action, and no person may use any knowledge gained as a result of reviewing the Source Code in this action in any other pending or future dispute, proceeding or litigation.

    (h)    No copies of all or any portion of the Source Code may leave the Source Code Review Room except as otherwise provided herein.  Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.

    (i)    The Receiving Party may request paper copies of limited portions of source code, up to 500 pages, and no more than 25 consecutive pages, that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE." The Producing Party may challenge the amount of Source Code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

    (f)    The Receiving Party shall maintain a record of any individual who has inspected any portion of the Source Code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the Source Code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any

[PROPOSED] STIPULATED PROTECTIVE
ORDER FOR LITIGATION INVOLVING
PATENTS, HIGHLY SENSITIVE CONFIDENTIAL
INFORMATION AND/OR TRADE SECRETS - 18
(Case No. 2:20-cv-01503-RSM-MAT )

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

10.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[5]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued,

---

[5] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

[PROPOSED] STIPULATED PROTECTIVE
ORDER FOR LITIGATION INVOLVING
PATENTS, HIGHLY SENSITIVE CONFIDENTIAL
INFORMATION AND/OR TRADE SECRETS - 19
(Case No. 2:20-cv-01503-RSM-MAT )

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

1   unless the Party has obtained the Designating Party's permission. The Designating Party shall bear

2   the burden and expense of seeking protection in that court of its confidential material – and

3   nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in

4   this action to disobey a lawful directive from another court.

5   11.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS
6         LITIGATION

         (a)     The terms of this Order are applicable to information produced by a Non-Party in

7   this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

8   EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced

9   by Non-Parties in connection with this litigation is protected by the remedies and relief provided

10  by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from

11  seeking additional protections.

12       (b)     In the event that a Party is required, by a valid discovery request, to produce a Non-

13  Party's confidential information in its possession, and the Party is subject to an agreement with the

14  Non-Party not to produce the Non-Party's confidential information, then the Party shall:

15       1.   promptly notify in writing the Requesting Party and the Non-Party that some or all

16  of the information requested is subject to a confidentiality agreement with a Non-Party;

17       2.   promptly provide the Non-Party with a copy of the Stipulated Protective Order in

18  this litigation, the relevant discovery request(s), and a reasonably specific description of the

19  information requested; and

20       3.   make the information requested available for inspection by the Non-Party.

21       (c)     If the Non-Party fails to object or seek a protective order from this court within 14

22  days of receiving the notice and accompanying information, the Receiving Party may produce the

23  Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

24  seeks a protective order, the Receiving Party shall not produce any information in its possession or

25  control that is subject to the confidentiality agreement with the Non-Party before a determination

26

[PROPOSED] STIPULATED PROTECTIVE
ORDER FOR LITIGATION INVOLVING
PATENTS, HIGHLY SENSITIVE CONFIDENTIAL
INFORMATION AND/OR TRADE SECRETS - 20
(Case No. 2:20-cv-01503-RSM-MAT )

by the court.[6] Absent a court order to the contrary, the Non-Party shall bear the burden and

expense of seeking protection in this court of its Protected Material.

12.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

Material to any person or in any circumstance not authorized under this Stipulated Protective

Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected

Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the

terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

Agreement to Be Bound" that is attached hereto as Exhibit A.

13.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
        MATERIAL
        Pursuant to Fed. R. Evid. 502(d), a Party's inadvertent or intentional disclosure or

production of any documents or information in this proceeding shall not, for the purposes of this

proceeding or any other proceeding in any other court, constitute a waiver by that Party of any

privilege or protection applicable to those documents, including the attorney-client privilege, work

product protection, and any other privilege or protection recognized by law.

        The provisions of Fed. R. Evid. 502(b) are inapplicable to the production of documents or

information under this Order. Specifically, there has been no waiver if a party discloses privileged

or protected information inadvertently or otherwise, regardless of whether the party took

reasonable steps to prevent the disclosure or to rectify the error.

        Any party receiving any such documents or information shall return them to the producing

party, upon request, within 5 business days of receiving such request, delete any versions of the

documents it maintains, and make no use of the information contained therein regardless of

---

[6] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

[PROPOSED] STIPULATED PROTECTIVE
ORDER FOR LITIGATION INVOLVING
PATENTS, HIGHLY SENSITIVE CONFIDENTIAL
INFORMATION AND/OR TRADE SECRETS - 21
(Case No. 2:20-cv-01503-RSM-MAT )

whether the receiving party agrees with the claim of privilege and/or work product protection. Nothing in this Order shall prevent a receiving party from challenging the privilege or protection asserted by the producing party by following the procedure outlined in Section 6.  The time periods herein can be extended if the parties agree in writing.

Disclosure of information or documents by the receiving party before the producing party designates the information as protected shall not be deemed a violation of this Order.

14.     MISCELLANEOUS

14.1     Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2     Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3     Filing Confidential Material. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue.  Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.  A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal.

[PROPOSED] STIPULATED PROTECTIVE
ORDER FOR LITIGATION INVOLVING
PATENTS, HIGHLY SENSITIVE CONFIDENTIAL
INFORMATION AND/OR TRADE SECRETS - 22
(Case No. 2:20-cv-01503-RSM-MAT )

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700    FAX (206) 623-8717

1  Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with

2  the strong presumption of public access to the Court's files.

3  15.   <u>FINAL DISPOSITION</u>

4       Within 60 days after the final disposition of this action, as defined in Section 4, each

5  Receiving Party must return all Protected Material to the Producing Party or destroy such material.

6  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

7  summaries, and any other format reproducing or capturing any of the Protected Material. Whether

8  the Protected Material is returned or destroyed, the Receiving Party must submit a written

9  certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

10 by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected

11 Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained

12 any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of

13 the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival

14 copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

15 correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant

16 and expert work product, even if such materials contain Protected Material. Any such archival

17 copies that contain or constitute Protected Material remain subject to this Protective Order as set

18 forth in Section 4 (DURATION).

19       //

20       //

21       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

22

23

24

25

26

[PROPOSED] STIPULATED PROTECTIVE
ORDER FOR LITIGATION INVOLVING
PATENTS, HIGHLY SENSITIVE CONFIDENTIAL
INFORMATION AND/OR TRADE SECRETS - 23
(Case No. 2:20-cv-01503-RSM-MAT )

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

1    DATED this 22nd day of December, 2020.

2    PERKINS COIE LLP                        HARRIGAN LEYH FARMER & THOMSEN LLP

3

4    By: _s/Ramsey M. Al-Salam_              By: _s/Tyler L. Farmer_
     By: _s/Christina J. McCullough_              Tyler L. Farmer, WSBA #39912
5    By: _s/Stevan R. Stark_                      999 Third Avenue, Suite 4400
     By: _s/R. Tyler Kendrick_                    Seattle, WA 98104
6        Ramsey M. Al-Salam, WSBA #18822          Tel:  (206) 623-1700
         Christina J. McCullough, WSBA            Fax:  (206) 623-8717
7        #47147                                   Email: tylerf@harriganleyh.com
         Stevan R. Stark, WSBA #39639
8        R. Tyler Kendrick, WSBA #55094      JONES DAY
9        1201 Third Avenue, Suite 4900
         Seattle, WA  98101-3099                  David L. Witcoff (*admitted pro hac vice*)
10       Tel: 206.359.6385                        Thomas W. Ritchie (*admitted pro hac vice*)
         Fax: 206.359.9000                        77 West Wacker Drive
11       Email:  RAlSalam@perkinscoie.com         Chicago, IL 60601-1692
         Email:  CMcCullough@perkinscoie.com      Tel:  (312) 269-4259
12       Email:  SStark@perkinscoie.com           Email:  dlwitcoff@jonesday.com
13       Email:  RKendrick@perkinscoie.com        Email:  twritchie@jonesday.com

14   By: _s/Olivia T. Nguyen_                     T. Kailin Crowder (*admitted pro hac vice*)
15       Olivia T. Nguyen, WSBA #48178            901 Lakeside Ave
         633 West 5th Street                      Cleveland, OH 44114
16       Suite 5850                               Tel:  (216) 586-7347
         Los Angeles, CA 90071                    Email:  kcrowder@jonesday.com
17       Tel:  310.788.9900
         Fax:  310.788.3399                       Michael C. Hendershot (*admitted pro hac
18       Email:  ONguyen@perkinscoie.com          vice*)
19                                                1755 Embarcadero Road
     *Attorneys for Impinj, Inc.*                 Palo Alto, CA 94303
20                                                Tel:  (650) 739-3940
                                                  Email:  mhendershot@jonesday.com
21
22                                                Yury Kalish (*admitted pro hac vice*)
                                                  51 Louisiana Avenue, N.W.
23                                                Washington D.C. 20001
                                                  Tel:  (202) 879-3616
24                                                Email:  ykalish@jonesday.com
25                                           *Attorneys for NXP USA, Inc. and NXP B.V.*
26

[PROPOSED] STIPULATED PROTECTIVE                          LAW OFFICES
ORDER FOR LITIGATION INVOLVING                **HARRIGAN LEYH FARMER & THOMSEN LLP**
PATENTS, HIGHLY SENSITIVE CONFIDENTIAL                999 THIRD AVENUE, SUITE 4400
INFORMATION AND/OR TRADE SECRETS - 24              SEATTLE, WASHINGTON 98104
(Case No. 2:20-cv-01503-RSM-MAT )           TEL (206) 623-1700   FAX (206) 623-8717

1    PURSUANT TO STIPULATION, IT IS SO ORDERED.

2

3         DATED: <u>January 4, 2021</u>

4

5

6         _____
          Mary Alice Theiler
7         United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

[PROPOSED] STIPULATED PROTECTIVE
ORDER FOR LITIGATION INVOLVING
PATENTS, HIGHLY SENSITIVE CONFIDENTIAL
INFORMATION AND/OR TRADE SECRETS - 25
(Case No. 2:20-cv-01503-RSM-MAT )

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

1

<u>EXHIBIT A</u>

2

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3

      I, _____ [print or type full name], of

4

_____ [print or type full address], declare under penalty of perjury that I have read

5

in its entirety and understand the Stipulated Protective Order that was issued by the United States

6

District Court for the Western District of Washington on [date] in the case of ***NXP USA, Inc. v.***

7

***Impinj Inc.*, Case No. 2:20-cv-01503-RSM-MAT**. I agree to comply with and to be bound by all

8

the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so

9

comply could expose me to sanctions and punishment in the nature of contempt. I solemnly

10

promise that I will not disclose in any manner any information or item that is subject to this

11

Stipulated Protective Order to any person or entity except in strict compliance with the provisions

12

of this Order.

13

      I further agree to submit to the jurisdiction of the United States District Court for

14

the Western District of Washington for the purpose of enforcing the terms of this Stipulated

15

Protective Order, even if such enforcement proceedings occur after termination of this action.

16

      I hereby appoint _____ [print or type full name] of

17

_____ [print or type full address and telephone number]

18

as my Washington agent for service of process in connection with this action or any proceedings

19

related to enforcement of this Stipulated Protective Order.

20

21

Date: _____

22

City and State where sworn and signed: _____

23

24

Printed name: _____
               [printed name]

25

Signature: _____

26

              [signature]

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717