UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NXP USA, INC., and NXP B.V.,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>IMPINJ, INC.,<br><br>　　　　　　　Defendant. | CASE NO. 2:20-cv-01503-JHC<br><br>ORDER RE: MOTION TO EXCLUDE CERTAIN OPINIONS OF EXPERT DAVID A. HAAS |

　　　　Before the Court is Impinj's Motion to Exclude Certain Opinions of Plaintiffs' Expert David A. Haas.  *See* Dkt. ## 286, 296.

　　　　The motion is styled as an evidentiary, *Daubert*-like motion.  But the motion raises issues of law and fact that are appropriately considered only upon a motion for summary judgment.  *See, e.g.*, Dkt. # 296 at 6 (requesting judgment on certain issues "as a matter of law").  The motion implicates pure questions of law (e.g., whether a patentee can recover pre-suit damages for a period before an obligation to mark its products arose) and questions of fact (e.g., assuming arguendo that a patentee can recover based on the lost profits of its wholly owned subsidiary, whether NXP has demonstrated a material dispute of fact as to whether the subsidiary corporation's profits "inexorably flow" to the parent company).

ORDER RE: MOTION TO EXCLUDE CERTAIN OPINIONS OF EXPERT DAVID A. HAAS - 1

These issues are not appropriately considered in a motion to exclude. *Corbrus, LLC v. 8th Bridge Capital, Inc.*, No. 2:19-cv-10182-CAS(AFMx), 2021 WL 4439220, at *4 (C.D. Cal. Aug. 9, 2021) ("[W]hen expert testimony is based on the parties' competing views of the law, [*Daubert* motions] under Rule 702 are not the appropriate medium for resolving these legal questions; that is what summary judgment and trial are for." (citation omitted)); *Oracle Int'l Corp. v. Rimini St.*, Inc., No. 2:14-cv-01699-MMD-DJA, 2022 WL 16575007, at *6 (D. Nev. Nov. 1, 2022) (denying motion that was "not really a *Daubert* motion at all. It does not attack [the expert's] qualifications or expertise. It instead raises four legal arguments that . . . should have been raised at summary judgment."); *Wells Fargo Bank, N.A. v. Stewart Title Guar. Co.*, No. 2:19-CV-00285-DB-JCB, 2020 WL 6451963, at *3 (D. Utah Nov. 3, 2020) (declining to "entertain summary judgment-esque arguments disguised as *Daubert* objections."); *Takeya USA Corp. v. PowerPlay Mktg. Grp., LLC*, No. SACV 21-00835-JVS (DFMx), 2022 WL 18397541, at *1 (C.D. Cal. Sept. 20, 2022) (denying "motion in limine" because it was "in fact a summary judgment motion seeking the exclusion of damage evidence with none of the procedures or protections of Rule 56 of the Federal Rules of Civil Procedure").

But in the interest of efficiency, the Court intends to treat the motion as a summary judgment motion and consider its merits. Resolving these questions may narrow the damages issues presented at trial. Impinj's motion was filed before the dispositive motions deadline. And if Impinj had requested leave to file a supplemental or over-length summary judgment motion, the Court likely would have granted that request.

Before a court considers summary judgment sua sponte, however, it must give notice to the parties and provide an opportunity to be heard. "Sua sponte grants of summary judgment are only appropriate if the losing party has reasonable notice that the sufficiency of his or her claim will be in issue." *Norse v. City of Santa Cruz*, 629 F.3d 966, 971–72 (9th Cir. 2010) (citation

omitted). Federal Rule of Civil Procedure 56(f) requires the Court to provide notice and a "reasonable time to respond" before considering summary judgment sua sponte.

The Court hereby gives notice of its intent to treat the motion as one for partial summary judgment. NXP may file a supplemental brief of no more than ten (10) pages.[1] The brief is due on March 24, 2023. Impinj may file an optional reply of no more than five (5) pages.[2] Impinj's reply is due no later than March 29, 2023.

Finally, in light of this development, the Court intends to continue the trial date, regardless of its decision on the pending motion for reconsideration.

The Clerk is DIRECTED to re-note the motion for March 29, 2023.

Dated this 16th day of March, 2023.

John H. Chun
United States District Judge

---

[1] NXP need not file a supplemental brief and may rest on its brief in opposition to the pending motion. If NXP elects not to file a supplemental brief, NXP must notify the Court as soon as possible.
[2] Similarly, Impinj need not file a reply brief and must notify the Court of its choice as soon as possible.

ORDER RE: MOTION TO EXCLUDE CERTAIN OPINIONS OF EXPERT DAVID A. HAAS - 3