UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NXP USA, INC., and NXP B.V., <br><br> Plaintiffs, <br><br> v. <br><br> IMPINJ, INC., <br><br> Defendant. | CASE NO. 2:20-cv-01503-JHC <br><br> ORDER RE: MOTION FOR RECONSIDERATION |

# I

## INTRODUCTION

Before the Court is Impinj, Inc.'s motion for reconsideration (Dkt. # 393) of the Court's sua sponte order modifying its claim construction. For the reasons below, the Court DENIES the motion for reconsideration.

# II

## BACKGROUND

On November 4, 2022, the Court issued a claim construction order. *See* Dkt. # 247. The Court construed several terms in U.S. Patent Number 7,347,097 ("the '097 Patent"). Among those was the term "voltage-raising means that are arranged to raise the voltage value of the

ORDER RE: MOTION FOR
RECONSIDERATION- 1

control signal." The Court construed the term to be a means-plus-function term. Dkt. # 247 at 33–39. The Court stated that the function was "raising the voltage value of the control signal," and the corresponding structure was "a charge pump or the float-based structure described at 2:43–48 of the '097 Patent" and equivalents thereof. *Id.*

On March 6, 2023, the Court issued a sua sponte order modifying its construction of the "voltage-raising means" term. Dkt. # 375. The Court explained that it had since gained a deeper understanding of the technology at issue, additional insight about the way a person of ordinary skill in the art ("POSITA") would discuss circuit components, and an improved grasp of Federal Circuit case law. *Id.* at 2, 11. The Court concluded that the term should not be construed as a means-plus-function term, and should instead be construed to mean "a circuit that raises the voltage value of the control signal." *Id.* at 8–11. The Court explained that in the context of the '097 Patent, a POSITA would understand "voltage-raising means" to refer to a defined and finite class of structures: voltage-raising circuit components.

Impinj moved for reconsideration (Dkt. # 393) of the Court's sua sponte order modifying its claim construction. The Court ordered NXP USA, Inc. and NXP B.V. (collectively, "NXP") to respond, which it did. Dkt. ## 396, 399.

### III

### DISCUSSION

The Court takes this opportunity to address several of the arguments raised by Impinj and provide additional reasoning for its decision.

First, the Court recognized (and continues to recognize) that the presence of the word "means" creates a rebuttable presumption that the term is subject to § 112, ¶ 6. But the Federal Circuit has instructed that courts should not "blindly elevate[] form over substance" when determining whether a claim term is subject to § 112, ¶ 6. *Williamson v. Citrix Online, LLC*, 792

F.3d 1339, 1348 (Fed. Cir. 2015) (en banc). "[T]he essential inquiry is not merely the presence or absence of the word 'means' but whether the words of the claim are understood by persons of ordinary skill in the art to have a sufficiently definite meaning as the name for structure." *Id.* Accordingly, while the Court gives due weight to the use of the word "means" within the term, this is alone is not dispositive.

Second, when read in the context of the patent, the term "voltage-raising means" refers to a particular class of definite structures: voltage-raising circuit components. As NXP's response illustrates (Dkt. # 399 at 7–8), other patents describe such voltage-raising circuit components using similar language. For example, U.S. Patent Numbers 7,863,969, 7,020,453, and 9,608,566 each describe "voltage raising circuit[s]" as components of their inventions. *See* U.S. Patent No. 7,863,969 at 10:7–8 (describing "a device comprising a voltage raising circuit which raises the first voltage to generate a second voltage higher than the first voltage") (Dkt. # 400-1 at 13); U.S. Patent No. 7,020,453 at 23:19–20 (describing a "voltage raising circuit which raises a power source voltage") (Dkt. # 400-2 at 28); U.S. Patent No. 9,608,566 at 1:40–42 (identifying various examples of "a voltage raising circuit," including a "charge pump circuit" and a "bootstrap circuit") (Dkt. # 400-3 at 12). And in the '097 Patent itself, the Abstract uses the term "voltage-raising *stage*," suggesting that the term refers to a component (or stage) of a circuit. '097 Patent at Abstract (emphasis added). This suggests that a POSITA would interpret the term as a name for a well-known and easily defined class of structures. It also suggests that the term "is used in common parlance or by persons of skill in the pertinent art to designate structure, even if the term covers a broad class of structures and even if the term identifies the structures by their function." *Skky, Inc. v. MindGeek, s.a.r.l.*, 859 F.3d 1014, 1019 (Fed. Cir. 2017) (citation and quotation marks omitted).

ORDER RE: MOTION FOR
RECONSIDERATION- 3

Granted, the claim term includes the word "means" and does not include the word "circuit." And the Court recognizes that patentees are generally presumed to have knowingly chosen to use the word "means." *See Rodime PLC v. Seagate Tech., Inc.*, 174 F.3d 1294, 1302 (Fed. Cir. 1999). But it is hard to imagine that, in the context of the '097 Patent, a POSITA would read "voltage-raising means" as *anything other than* a "voltage-raising circuit." To ignore the similarities between "voltage-raising means" and "voltage-raising circuits" would elevate form over substance. *Williamson*, 792 F.3d at 1348; *cf. Cole v. Kimberly-Clark Corp.*, 102 F.3d 524, 531 (Fed. Cir. 1996) (While "the drafter of claim 1 . . . was clearly enamored with the word 'means,'" the court nevertheless found "no reason to construe any of the claim language in claim 1 as reciting means-plus-function elements within the meaning of § 112, ¶ 6" because "the claim drafter's perfunctory addition of the word 'means' did nothing to diminish the precise structural character of this element.").

And the Federal Circuit has repeatedly held that "circuit" terms can convey sufficiently definite structure. *See Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 711 F.3d 1348, 1364 (Fed. Cir. 2013) ("We have previously held on several occasions that the term 'circuit' connotes structure."); *id.* (explaining the Federal Circuit's approach to circuit-based terms).[1] The Federal Circuit has explained that "the term 'circuit' with an appropriate identifier such as 'interface,' 'programming' and 'logic,' certainly identifies some structural meaning to one of ordinary skill in the art." *Apex Inc. v. Raritan Computer, Inc.*, 325 F.3d 1364, 1373 (Fed. Cir. 2003). Here, the "adjectival qualification[]," *Power Integrations*, 711 F.3d at 1364 (citation omitted) of "voltage-raising" sufficiently identifies a definite class of structures. This is

---

[1] Impinj argues that this line of cases is inapposite because "voltage-raising means" does *not* contain the word "circuit." Dkt. # 393 at 14–15. While this argument is not without some merit, the Court nevertheless sees these cases as instructive, in part because in the context of the '097 Patent, a POSITA would have necessarily understood the term to refer only to a type of circuit.

ORDER RE: MOTION FOR
RECONSIDERATION- 4

particularly so when the claim describes "an input to the circuit" (the control voltage), "a straightforward function" (voltage-raising), and "an output" (a raised control voltage) as do the claims in the '097 Patent. *Id*. at 1365.

Third, Impinj argues that the Court gave too much weight to the fact that there is a finite number of voltage-raising circuit components. Dkt. # 393 at 5–6. Impinj says that under any test recognized by the Federal Circuit, the number of structures that fall within the confines of a term does not determine whether a claim is governed by § 112, ¶ 6. *Id*. But the Court believes the number of devices capable of performing the claimed function *is* relevant to whether the term would have "an understood meaning in the art." *Rembrandt Data Techs., LP v. AOL, LLC*, 641 F.3d 1331, 1341 (Fed. Cir. 2011). When only a finite and relatively small number of devices fit the claim language, it is more likely that a POSITA would understand the metes and bounds of the term and the class of structures it covers.

Fourth, NXP provided some expert testimony to support its conclusion. NXP's expert, Dr. Madisetti, opined that "[a] POSITA would understand the term to mean "a circuit that raises the voltage value of the control signal," and that the term refers to "specific structure" that was "common in the art." Dkt. # 137-4 at 41. Dr. Madisetti also explained that a "a POSITA would have understood," for example, "that voltage values could be raised using a charge pump or a voltage multiplier that was well known in the art." *Id*. To be sure, Dr. Madisetti's declaration was somewhat conclusory. But in light of Impinj's failure to submit any competing expert opinion, Dr. Madisetti's opinion modestly helps rebut the presumption that the term is governed by § 112, ¶ 6.

Fifth, Impinj argues that the Court's decision disregards numerous district court and Federal Circuit decisions construing voltage-related "means" terms. Dkt. # 393 at 8–9. But at least some of the cited cases did not involve an actual dispute over the application of § 112, ¶ 6.

ORDER RE: MOTION FOR
RECONSIDERATION- 5

*See* Dkt. # 399 at 11–12.  And while several of the cited decisions reach different conclusions than the one the Court reaches today, the Court believes that its conclusion comfortably fits within existing Federal Circuit case law.  In *Lighting Ballast Control LLC v. Philips Elecs. N. Am. Corp.*, 790 F.3d 1329 (Fed. Cir. 2015), for example, the Federal Circuit affirmed the district court's conclusion that the term "voltage source means providing a constant or variable magnitude DC voltage between the DC input terminals" was not governed by § 112, ¶ 6.  *Id.* at 1334, 1338–39.  In *Rembrandt Data Techs., LP v. AOL, LLC*, 641 F.3d 1331 (Fed. Cir. 2011), the Federal Circuit held that "fractional rate encoding means" and "trellis encoding means" were not subject to § 112, ¶ 6 based on expert testimony that the terms were used in the art and were "self-descriptive to one of ordinary skill in the art."  *Id.* at 1341.  And in *TecSec, Inc. v. Int'l Bus. Machines Corp.*, 731 F.3d 1336 (Fed. Cir. 2013), the Federal Circuit held that the means-based presumption was rebutted for the terms "system memory means" and "digital logic means."  *Id.* at 1347.  These cases support the Court's conclusion that "voltage-raising means" is not governed by § 112, ¶ 6.

Finally, Impinj says that the Court's new construction is inconsistent with the construction of the Patent Trials and Appeal Board (PTAB) during *inter partes* review of the '097 Patent.  Dkt. # 393 at 10; Dkt. # 394-2 (PTAB decision).  But the PTAB did not expressly construe any term in the '097 Patent, and instead considered validity based on the challenger's own proposed constructions.  *See* Dkt. # 394-2 at 8 ("[W]e conclude that no claim term requires express interpretation at this time to resolve any controversy in this proceeding.").

The Court recognizes that there are plenty of strong counterarguments to its conclusion—one need only look at the Court's initial claim construction to find a few.  And the arguments that Impinj presents in its motion for reconsideration are reasonable.  Based on the Court's understanding of the Patent, the technology, and the case law, it is a difficult question whether

ORDER RE: MOTION FOR
RECONSIDERATION- 6

"voltage-raising means" should be interpreted in under § 112, ¶ 6. But the Court nevertheless concludes that the term is not governed by § 112, ¶ 6, and that the "voltage-raising means" term should instead be construed to mean "a circuit that raises the voltage value of the control signal."[2]

## IV

### CONCLUSION

For the reasons above, the Court DENIES Impinj's motion for reconsideration. Dkt. # 393.

Dated this 23rd day of March, 2023.

_John H. Chun_
John H. Chun
United States District Judge

---

[2] In the alternative, Impinj asks the Court to "at least clarify the scope of the term." Dkt. 393 at 16. The Court does not believe its construction requires further clarification.

ORDER RE: MOTION FOR
RECONSIDERATION- 7