UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NXP USA, INC., and NXP B.V.,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>IMPINJ, INC.,<br><br>　　　　　　　　Defendant. | CASE NO. 2:20-cv-01503-JHC<br><br>ORDER GRANTING MOTION FOR RECONSIDERATION AND SUMMARY JUDGMENT FOR IMPINJ AS TO THE '092 PATENT |

On May 15, 2023, the Court denied Impinj's renewed motion for summary judgment as to the '092 Patent. Dkt. # 469. The Court reasoned that almost all the "TID" data—94 of the TID data's 96 bits—is part of the claimed "identification data block." *Id.* at 11–13. But the Court held that two bits—a "Security (S) indicator" bit and a "File (F) indicator" bit—could plausibly constitute "useful data" instead. *Id.* The Court concluded that "this presents a factual question for resolution by a jury. A jury will have to decide whether the TID data—as a whole, or a subset of it—more closely resembles 'identification data stored in memory' or 'useful data.'" *Id.* at 13.

On May 23, 2023, Impinj moved for reconsideration. *See* Dkt. # 483. The Court ordered NXP to provide a response (Dkt. # 484), and NXP timely provided a response. *See* Dkt. # 493.

ORDER GRANTING MOTION FOR
RECONSIDERATION AND SUMMARY
JUDGMENT FOR IMPINJ AS TO THE '092
PATENT - 1

The Court GRANTS the motion for reconsideration and GRANTS Impinj's motion for summary judgment of non-infringement as to the '092 Patent. The Court will provide its complete reasoning in a forthcoming order but offers the following observations.

First, while the Court initially concluded that there remained a question of fact as to whether the Security and File bits are part of the identification data block or are useful data, the question really boils down to one of claim construction. *Gen. Mills, Inc. v. Hunt-Wesson, Inc.*, 103 F.3d 978, 983 (Fed. Cir. 1997) ("Where the parties do not dispute any relevant facts regarding the accused product . . ., but disagree over possible claim interpretations, the question of literal infringement collapses into claim construction and is amenable to summary judgment.").

Second, in the context of the '092 Patent, infringement analysis should not be undertaken on an atom-by-atom, bit-by-bit basis. Instead, the proper unit of analysis is a given data *block*, as required by the claims. The presence of one or two bits that may not strictly serve an identification purpose[1] does not negate the overall identifying character of the TID data *block*, which consists almost entirely of identification data. And indeed, as the Court understands it, even the *EPC* memory block contains some data that is not strictly identifying. *See, e.g.*, Dkt. # 285-1 at 47–48 (listing various "indicator" bits stored in EPC memory); Dkt. # 483 at 5. Accordingly, Impinj's accused products do not transmit any "specific useful data," and thus do not satisfy that element of the claims.

Third, the '092 Patent expressly contemplates that the "identification data block" can contain "special data" that are "useful or absolutely necessary for other applications" but are "not

---

[1] But the File and Security bits also provide some identifying information about the nature of the tag. These bits "*uniquely identify* the custom commands and/or optional features that a tag supports." Dkt. # 285-1 at 52 (emphasis added).

ORDER GRANTING MOTION FOR
RECONSIDERATION AND SUMMARY
JUDGMENT FOR IMPINJ AS TO THE '092
PATENT - 2

in any way necessary for specific applications of the data carrier." '092 Patent at 17:11–18; *see also* Dkt. # 247 at 15.  Thus, even if the Security and File bits should be analyzed separately, and even if those bits are not deemed to be identification data, they could still constitute "special data" and be part of the "identification data block."  The "special data" of the '092 Patent is but one of countless ways in which the patent is muddled, providing limited clarity to the public about the metes and bounds of its claims.

      Accordingly, the Court GRANTS Impinj's motion for reconsideration (Dkt. # 483) and GRANTS Impinj's motion for summary judgment of non-infringement as to the '092 Patent.  The Court will provide its complete reasoning in a forthcoming order.  The Court STRIKES Impinj's motion to construe additional claim terms (Dkt. # 490) as moot.

      Dated this 27th day of May, 2023.

John H. Chun
United States District Judge

ORDER GRANTING MOTION FOR
RECONSIDERATION AND SUMMARY
JUDGMENT FOR IMPINJ AS TO THE '092
PATENT - 3