UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NXP USA, INC., and NXP B.V.,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>IMPINJ, INC.,<br><br>　　　　　　　Defendant. | CASE NO. 2:20-cv-01503-JHC<br><br>ORDER RE: MOTIONS TO EXCLUDE CERTAIN OPINIONS OF DR. KENNEY |

There are two motions pending before the Court. First, in January 2023, NXP moved to exclude certain opinions of Impinj's expert Dr. J. Stevenson Kenney. Dkt. # 278 (motion); Dkt. # 342 (reply). Impinj opposes the motion. Dkt. # 315. Second, in April 2023, NXP moved to strike certain opinions of Dr. J. Stevenson Kenney as exceeding the scope of the Court's orders. Dkt. # 444 (motion); Dkt. # 460 (reply). Impinj opposes the motion. Dkt. # 457.

For the reasons below, the Court:

1) DENIES in part and STRIKES in part as moot NXP's first motion to exclude certain opinions of Dr. J. Stevenson Kenney. *See* Dkt. # 278.

2) The Court DENIES NXP's second motion to strike certain opinions of Dr. J. Stevenson Kenney as exceeding the scope of the Court's orders. *See* Dkt. # 444.

ORDER RE: MOTIONS TO EXCLUDE
CERTAIN OPINIONS OF DR. KENNEY-
1

# I

## NXP'S FIRST MOTION TO EXCLUDE

A. Purported Failure to Identify Certain Elements of the '097 Patent

During claim construction, the Court construed the term "information-voltage generating means" as a means-plus-function term. Dkt. # 247 at 26–33. The Court held that the function of the term is "generating an information voltage by receiving and using a control signal that is of a voltage value that is at most equal to the value of the supply voltage." *Id.* at 33. And the Court held that the corresponding structure of the term is "'a charging-current generating stage, voltage-raising means, and voltage-limiting means' and equivalents thereof." *Id.*

NXP argues that certain of Dr. Kenney's invalidity opinions do not properly apply the Court's construction of terms within the '097 Patent, and thus would be unhelpful to the trier of fact. Dkt. # 278 at 9–12. More specifically, NXP asserts that Dr. Kenney's report fails to identify which component(s) in the "Walker" or "Vega" prior art references satisfy two limitations found within the claims of the '097 Patent: (1) a "charging-current generating stage" (part of the corresponding structure for the "information-voltage generating means" term), and (2) a "control signal that is of a voltage value that is at most equal to the value of the supply voltage."

As a general matter, the Court disagrees with NXP's assertion that Dr. Kenney's opinions would be "unhelpful" or "irrelevant" to a trier of fact. *See Daubert v. Merrell Dow Pharm.*, Inc., 509 U.S. 579, 590–93 (1993) (expert testimony is relevant if it would assist the trier of fact). Dr. Kenney did not offer opinions that are "contrary" to the Court's construction or otherwise "ignore[]" the Court's construction. Dkt. # 278 at 9. In fact, Dr. Kenney properly summarized the Court's constructions in his report. *See NetFuel, Inc. v. Cisco Sys. Inc.*, No. 5:18-CV-02352-EJD, 2020 WL 1274985, at *4 (N.D. Cal. Mar. 17, 2020) (admitting expert's opinions because

ORDER RE: MOTIONS TO EXCLUDE
CERTAIN OPINIONS OF DR. KENNEY-
2

the expert's report "contains a detailed 'Claim Construction' chart and language that indicates that [the expert's] opinions are based on these constructions."). At most, Dr. Kenney's report omits details about how the prior art anticipates or renders obvious the patents. But there is no evidence that he ignored or otherwise did not apply the Court's constructions.

The Court will now consider each of the two elements allegedly lacking from Dr. Kenney's report.

1. "charging-current generating stage"

NXP argues that Dr. Kenney's report identifies no element in Vega or Walker that meet the "charging-current generating stage" corresponding structure, thereby making his testimony unhelpful to a trier of fact.

The Court has already agreed with NXP in part. In its order on cross-motions for summary judgment, the Court agreed with NXP that Impinj's response brief (and by extension, Dr. Kenney's report) failed to meaningfully identify which structure(s) in Vega and Walker serve as the "charging-current generating stage" for invalidity purposes. Dkt. # 414 at 32–34. But the Court emphasized the narrowness of its holding. *See id.* at 33. The Court emphasized that it was not saying that the patent is valid. *Id.* at 34. It also said that "[o]ther references could disclose a charging-current generating stage, or the patent could be obvious for other reasons." *Id.* And the Court stated that given the Court's modified construction of the "voltage-raising means" term, "the Court is not foreclosing the possibility that Walker, Vega, or any other reference renders that limitation (or any other limitation) obvious." *Id.*

The Court declines to go further than already stated in its summary judgment order. The Court does not believe that Dr. Kenney's testimony would be entirely unhelpful to the trier of fact. *See Daubert*, 509 U.S. 579 at 590–93. Consistent with the Court's summary judgment

ORDER RE: MOTIONS TO EXCLUDE
CERTAIN OPINIONS OF DR. KENNEY-
3

order, Impinj may not rely *exclusively* on Walker or Vega to satisfy this claim limitation. But the Court declines to bar Dr. Kenney from testifying on the subject at all.

    2.    "a control signal that is of a voltage value that is at most equal to the value of the supply voltage"

NXP argues that Dr. Kenney's report insufficiently identifies the claimed "control signal that is of a voltage value that is at most equal to the value of the supply voltage" of the '097 Patent. The Court disagrees. For Vega, Dr. Kenney identifies supply voltage $V_{CC}$ as the control signal that is then raised to a boosted voltage $V_{PP}$. Dkt. # 311-1 at 50. While NXP may wish to critique Dr. Kenney's conclusion—say, because he does not explain how the control signal is "at most equal to" the supply voltage—this does not mean that Dr. Kenney's conclusion would be unhelpful or misleading to the jury. *See Daubert*, 509 U.S. 579 at 590–93. And while Dr. Kenney's explanation of the control signal in Walker is less clear, the Court still finds that he sufficiently explains his view that the control signal limitation is met. *See, e.g.*, Dkt. # 311-1 at 65–68. Dr. Kenney's analysis of Walker could likewise be helpful to the jury.

B.    Invalidity Grounds of the '951 Patent

NXP seeks to exclude certain of Dr. Kenney's invalidity opinions about the '951 Patent. Dkt. # 278 at 12-13. NXP argues that Dr. Kenney should not be permitted to opine about two previously undisclosed prior art references.

After this motion was filed, the Court granted Impinj's motion for summary judgment of non-infringement as to the '951 Patent. Dkt. # 414 at 26–30. So the Court strikes this portion of the motion as moot.

C.    Timeliness of Disclosure of Non-Infringing Alternatives

NXP seeks to exclude Dr. Kenney's opinions about non-infringing alternatives in his rebuttal report on non-infringement. Dkt. # 278 at 13–15. NXP argues that this testimony

"should have been included in the opening report" because it does "not rebut any opinions set forth by NXP's experts" and relates to issues "for which Impinj bears the burden of proof." *Id.*

While the Court agrees that, in this case, Dr. Kenney perhaps should have provided his non-infringing alternatives in his opening report, the Court declines to exclude his opinions on the subject. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (district courts are given "particularly wide latitude" in exercising discretion to impose discovery sanctions).

First, NXP has had ample time to respond to Dr. Kenney's opinions on non-infringing alternatives. In light of the Court's modified construction to the "voltage-raising means" term, the parties had an opportunity to exchange revised expert reports that could have addressed the topic. The trial date was continued, giving NXP additional time to prepare to meet Dr. Kenney's testimony at trial. NXP cannot claim surprise at Dr. Kenney's disclosure: Impinj previewed its non-infringing alternatives in an earlier response to an interrogatory. Dkt. # 287-15 at 4–6. Moreover, the parties have already partially litigated the merits of Impinj's non-infringing alternatives at summary judgment. *See, e.g.*, Dkt. # 452 at 22–27 (denying NXP's motion for summary judgment as to the existence of non-infringing alternatives). Impinj's other expert, Laura Kindler, also opines on the existence of non-infringing alternatives. *See, e.g.*, Dkt. # 287-11 at 64, 80. At this stage of the litigation, the Court does not wish to exclude evidence solely on timeliness grounds. The Court is interested in hearing the merits of the case, not infighting about the precise timeliness of disclosure.

Second, Dr. Kenney's rebuttal report is at least partially responsive to NXP's expert reports. For example, Dr. Madisetti discusses the benefits conferred by each patent (like the '097 Patent). Dr. Kenney reasonably responds that Dr. Madisetti overstates the benefits conferred by each patent, explaining that the '097 Patent serves as a "relatively minor contribution" to the

ORDER RE: MOTIONS TO EXCLUDE
CERTAIN OPINIONS OF DR. KENNEY-
5

functioning of a circuit and arguing that development of a non-infringing alternative would have been straightforward. Dkt. # 283-1 at 13. And Haas's report—disclosed after Dr. Kenney served his initial report—discusses non-infringing alternatives. *See* Dkt. # 287- 2 at 36–45.

## II

### NXP's Second Motion to Strike

NXP moves to strike paragraphs 138, 142, 152–154, 168, 171, and 176 of Dr. Kenney's supplemental invalidity report. Dkt. # 444 (motion); Dkt. # 445-1 (Dr. Kenney's supplemental report). The Court denies the motion.

After the Court modified its construction of the "voltage-raising means" term, the Court indicated that it would be inclined to allow the parties to file additional motions that "flow *directly*" from the Court's modified construction (but did not suggest supplemental expert reports). Dkt. # 406. In a subsequent order, the Court approved the case schedule proposed by the parties, which allowed the parties to prepare supplemental expert reports. Dkt. # 416.

NXP says that the cited paragraphs of Dr. Kenney's supplemental report do not "flow directly" from the Court's modified claim construction. Dkt. # 444. Instead, NXP says that Dr. Kenney's supplemental report added new, unrelated opinions in an attempt to improperly "backfill" the shortcomings in his original invalidity arguments. *Id.* at 4. In particular, NXP says that most of the cited paraphs improperly seek to buttress Impinj's arguments about the disclosure of a "charging-current generating stage" in the prior art, and that Dr. Kenney's supplementation violates the Court's orders and Federal Rule of Civil Procedure 26. *See generally id.*

The Court declines to strike the paragraphs cited by NXP. First, at least two of the cited paragraphs—paragraphs 152 and 168—seem to contain nearly verbatim language from the original expert report. Dkt. # 461-1 at 30, 40. Exclusion is not required. Second, the remaining

ORDER RE: MOTIONS TO EXCLUDE
CERTAIN OPINIONS OF DR. KENNEY-
6

paragraphs generally discuss how conventional memory structures—like DRAM and other forms of memory—operate.  As Impinj explains: "Dr. Kenney's supplemental invalidity report does not opine on the presence of a 'charging-current generating stage' in the explicit disclosure of Walker or Vega [in violation of the Court's summary judgment order].  Instead, Dr. Kenney opines on a POSITA's knowledge of the structure and function of conventional memory, such as DRAM, and how a POSITA would understand conventional memory" to operate.  Dkt. # 457 at 11.  While Dr. Kenney expands on his original report in the cited paragraphs, the original report does, in fact, contain some background information about conventional memory structures.  Third, while the Court agrees that some of the cited paragraphs do not "flow *directly*" from the Court's modified claim construction, the cited paragraphs still bear heavily on Impinj's new invalidity arguments.  Impinj's invalidity arguments rely in part on DRAM-based and volatile-memory prior art; the background information provided in the cited paragraphs is helpful—to the Court and to the jury—in understanding Impinj's invalidity arguments.  Fourth, as noted above, at this stage of litigation, the Court is not interested in excluding evidence based solely on timeliness grounds and is instead interested in reaching the merits of the case.  The Court considers the cited paragraphs to be modest adjustments to Dr. Kenney's original report; they do not disclose a new theory, or dramatically alter the scope of argument, but provide additional information on memory circuits.  To the extent NXP suffers any prejudice from Impinj's purportedly improper supplementation, that prejudice can be remedied by allowing Dr. Madisetti to respond in full to the modifications in the supplemental report at trial.

       Of course, consistent with the Court's summary judgment order, Impinj still may not rely exclusively on Walker and Vega to demonstrate that a "charging-current generating stage" is

ORDER RE: MOTIONS TO EXCLUDE
CERTAIN OPINIONS OF DR. KENNEY-
7

expressly described in the prior art.[1] NXP may renew its objection at trial if Dr. Kenney tries to opine that Walker or Vega expressly disclose the "charging-current generating stage." But the Court does not wish to exclude Impinj's general arguments that certain memory structures often or always contain such a feature.

NXP says that if the Court does not strike these paragraphs, Dr. Madisetti should be allowed to respond to those paragraphs at trial. Dkt. # 460 at 7. The Court accepts NXP's suggestion: At trial, Dr. Madisetti may respond in full to any of the paragraphs cited.

### III

### CONCLUSION

For the reasons above, the Court:

1) DENIES in part and STRIKES in part as moot NXP's first motion to exclude certain opinions of Dr. J. Stevenson Kenney. *See* Dkt. # 278.

2) The Court DENIES NXP's second motion to strike certain opinions of Dr. J. Stevenson Kenney as exceeding the scope of the Court's orders. *See* Dkt. # 444.[2]

Dated this 1st day of June, 2023.

John H. Chun
United States District Judge

---

[1] And indeed, paragraph 176 contains some information that crosses the line. In paragraph 176, Dr. Kenney identifies the particular structure in Walker—the "pass transistor connected to the bitline driver"—that serves as a "charging current generating stage." Dkt. # 445-1 at 33. Impinj may not offer this opinion—or anything like it—at trial.

[2] The Court does not believe that any material in this order requires redaction. If either party disagrees and would like the order to be provisionally sealed pending proposed redactions, they may email the Court's courtroom deputy.

ORDER RE: MOTIONS TO EXCLUDE
CERTAIN OPINIONS OF DR. KENNEY-
8