UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NXP USA, INC., and NXP B.V., <br><br> Plaintiffs, <br><br> v. <br><br> IMPINJ, INC., <br><br> Defendant. | CASE NO. 2:20-cv-01503-JHC <br><br> ORDER RE: *DAUBERT* HEARING |

In accordance with its obligations under *Daubert* to ensure the reliability of expert testimony, the Court hereby requests oral argument on NXP's motion to exclude certain opinions of Lauren R. Kindler. Dkt. # 279. In particular, the Court has questions about the apportionment methodology used by Kindler and her reliance on Impinj employee, Ron Oliver (issue two in NXP's motion). The Court intends to hold oral argument at 8:30 a.m. on the first day of trial (likely Thursday, June 8, 2023). The Court anticipates that oral argument will be brief. Each side will have 15 minutes. In addition, at Impinj's option, the Court will permit Kindler to submit a declaration discussing her apportionment methodology and/or testify at the hearing (in person or by Zoom). Impinj should submit any optional declaration and indicate whether Kindler intends to testify no later than June 6th, 2023.

ORDER RE: *DAUBERT* HEARING - 1

The parties should be prepared to discuss the following questions:

1) How, if at all, does Kindler's reliance on Oliver differ from Haas's reliance on Ralf Kodritsch? Why was it proper for Haas to accept Kodritsch's estimation of relative importance of features, but not proper for Kindler to do so? Does Kodritsch explain how he arrived at his apportionment conclusions (e.g., why he gave some features zero value but other features great value)? The Court is most interested in this question.

2) NXP essentially relied on an "equal apportionment" approach. To the extent that Impinj and Kindler believe that this approach overvalued the accused features, what other apportionment methodology could Kindler have used to reach a quantitative estimate of the value of the accused features?

3) How does Oliver's deposition testimony in the co-pending litigation (cited in NXP's reply brief) about his inability to quantitatively apportion value to features apply to his apportionment assessments in this case?

4) Would a damages expert reasonably rely on technical apportionment assessments from a party's employee, even if the employee is not designated as an expert? Fed. R. Evid. 703.

5) Can Oliver offer his apportionment opinions as lay opinions? *See In re Google AdWords Litig.*, No. 5:08-CV-3369 EJD, 2012 WL 28068, at *5 (N.D. Cal. Jan. 5, 2012) ("[J]ust because the underlying facts and data are technical in nature does not transform the information into 'expert testimony' when those facts are within the personal knowledge and experience of the company's employee.").

6) Did NXP have an opportunity to depose Oliver after receiving Kindler's report?

ORDER RE: *DAUBERT* HEARING - 2

The Court has already concluded that Kindler's qualitative opinions are sufficiently reliable. Kindler may argue, for example, that Haas's royalty rate is too high, that Haas's equal apportionment of value among features is improper, or that Haas otherwise failed to account for the value of features like True3D. The Court is only interested in whether Kindler's *quantitative* apportionment methodology is sufficiently reliable.

The Court will provide a ruling shortly after the *Daubert* hearing.

Dated this 2nd day of June, 2023.

*[signature: John H. Chun]*

John H. Chun
United States District Judge

ORDER RE: *DAUBERT* HEARING - 3