UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NXP USA, INC., and NXP B.V.,<br><br>   Plaintiffs,<br><br>   v.<br><br>IMPINJ, INC.,<br><br>   Defendant. | CASE NO. 2:20-cv-01503-JHC<br><br>ORDER RE: MOTIONS IN LIMINE |

Before the Court are motions in limine (MILs) presented by NXP (Dkt. # 458) and Impinj (Dkt. ## 384, 389). The Court rules as follows.

**NXP MIL # 1: "Impinj Should Be Precluded From Presenting Any Evidence Or Argument Regarding The Parties' Concurrent Legal Proceedings"**

GRANTED in part, DENIED in part. As Impinj has agreed (Dkt. # 474 at 5–6), it should avoid implying that this action is retaliatory in nature or "delv[ing] into the details of the other suits or their merits." Dkt. # 474 at 5. But the Court agrees with Impinj that prohibiting any reference to the other cases may prove unworkable. NXP may object further at trial.

ORDER RE: MOTIONS IN LIMINE - 1

**NXP MIL # 2: "Impinj Should Be Precluded From Presenting Any Evidence Or Argument Regarding Mr. Oliver's Valuation Of Features In Impinj's Accused Products"**

RESERVED. The Court will issue its decision after the *Daubert* hearing. At the *Daubert* hearing, the parties should be prepared to discuss whether Oliver himself can testify about his valuation assessments.

**NXP MIL # 3: "Impinj Should Be Precluded From Presenting Any Evidence Or Argument That The Accused Products Are Covered By Impinj's Patents"**

GRANTED in part, DENIED in part. Impinj may not describe any *entire product* as covered by one of its patents, which could be confusing to the jury or unduly prejudicial. Nor should it imply that its patents serve as a defense to infringement. *See Bio-Tech. General Corp. v. Genetech, Inc.*, 80 F.3d 1553, 1559 (Fed. Cir. 1996). But the Court finds that NXP's motion sweeps too broadly, and declines to bar Impinj from even *mentioning* that it owns patents. *See Siemens Mobility Inc. v. Westinghouse Air Brake Tech. Corp.*, No. 16-cv-284, 2019 WL 77046, at *1 (D. Del. Jan. 2, 2019) ("[T]here may well be proper purposes for introducing evidence of the existence of [defendant's] patents . . . so [plaintiff's] request for a blanket exclusion of such evidence is unwarranted."). Such information could be relevant as general background about the company or could help establish the credibility of certain witnesses as inventors. *See Carucel Invs., L.P. v. Novatel Wireless, Inc.*, No. 16-CV-118-H-KSC, 2017 WL 1215838, at *18 (S.D. Cal. Apr. 3, 2017), *aff'd*, 730 F. App'x 938 (Fed. Cir. 2018). NXP may reassert its objections at trial.

The Court lacks sufficient information to determine whether any other patent owned by Impinj will be relevant for damages purposes; NXP may reassert its objections at trial.

**Impinj MIL # 1: "Preclusion of Willful Infringement Assertion"**

Impinj seeks to preclude NXP from arguing that Impinj has engaged in willful infringement of any of the asserted patents. Dkt. # 384 at 5. Impinj argues that NXP did not

plead willfulness in the complaint, nor is such a theory plausible given Impinj's lack of pre-suit notice. In response, NXP says that while it did not assert willfulness in the complaint, Impinj was aware of its willfulness theory throughout the litigation. Dkt. # 467 at 2–3. NXP also says that its willfulness theory is based only on *post-suit*—not pre-suit—conduct, so Impinj's pre-suit knowledge (or lack thereof) is not material. *Id.* To the extent necessary, NXP requests leave to amend the complaint to assert a claim for damages based on willfulness. *Id.*

The Court agrees with Impinj and GRANTS the MIL. At trial, NXP may not argue that Impinj's infringement was willful such that enhanced damages are appropriate.

NXP did not assert willfulness or request enhanced damages (for either pre-suit or post-suit conduct) in its complaint. *See generally* Dkt. # 1 (requesting "damages adequate to compensate them for Defendant's infringement" and compensation for other costs and fees, but not for willful infringement or enhanced damages under 35 U.S.C. § 284); *cf. Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d 638, 643 (N.D. Cal. 2022) ("In general, issues go to the jury only if properly framed by the pleadings."); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000) ("A complaint guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations."). Nor did NXP amend its complaint at any point during this litigation to account for Impinj's alleged post-suit willful infringement, as is common practice when a plaintiff learns of post-suit willful infringement. The question, then, is whether Impinj was sufficiently on notice of NXP's willfulness theory such that it is fair to allow NXP to pursue the damages claim without pleading it or to allow NXP to amend its complaint.

NXP says that Impinj has known of NXP's willfulness allegations throughout this case. Dkt. # 467 at 2–3. In support, NXP cites several interrogatories and requests for production that it says put Impinj on notice of its willfulness argument. *Id.* But most of these interrogatories and

requests for production at most hint at willfulness.  *See, e.g.*, Dkt. # 468-1 at 9 (RFP No. 4 requesting "[a]ll Documents concerning any design decisions or modifications made to any of the Accused Products that were influenced by any claim of the Asserted Patents"); Dkt. # 468-2 at 5 (Interrogatory No. 3 requesting information about when Impinj "first became aware of each" of NXP's patents.).[1]  Because knowledge is relevant to more than willfulness—including other theories of recovery like indirect infringement, *see Unwired Planet, LLC v. Apple Inc.*, 829 F.3d 1353, 1364 (Fed. Cir. 2016)—discovery requests relating to knowledge do not, without more, provide notice of NXP's intent to pursue enhanced damages based on willfulness.  To be sure, however, one of the cited interrogatories does mention willfulness.  *See* Dkt. # 468-3 at 4 (Interrogatory No. 17 requesting "the complete factual basis for any contention that infringement by the Accused Products of the Asserted Patents has not been willful").  But merely requesting discovery on a topic, without more, does not necessarily suffice to put Impinj on notice that NXP was asserting willfulness (or that NXP was asserting only *post-suit* willfulness).[2]  At some point, NXP needed to state—either in an amendment to the complaint or in some other declaratory sentence (*i.e.*, not a question or imperative sentence directed to Impinj)—that it intended to seek

---

[1] NXP also cites "Request for Production" 27 about an "opinion of counsel" defense. Dkt. # 467 at 3.  But RFP 27 is not found at the cited docket entry, Dkt. # 468-1 (Exhibit C).  Together, the four discovery requests in this paragraph represent the only information NXP cites as indicia of Impinj's knowledge of its willfulness theory.

[2] The Court recognizes that it recently relied on Impinj's interrogatory *responses* to suggest that NXP was not prejudiced by Impinj's disclosure of non-infringing alternatives. Dkt. # 512 at 5.  But this is different in three critical respects.  First, NXP merely posed *questions* to Impinj (to some extent debatably) about willfulness.  Asking questions is different in kind than answering them, at least as far as notice goes.  Second, NXP is the plaintiff and bears the burden of proof on damages.  At some point, a plaintiff must provide sufficiently clear guidance about its theory of the case to allow the defendant to adequately defend itself.  Third, to the extent that Impinj's interrogatory responses on non-infringing alternatives were insufficient, Impinj's expert reports—filed before the close of discovery—cured any prejudice.  By contrast, it appears that NXP's briefing on the current motion represents the first and only time that NXP stated its intent to pursue post-suit willfulness.

ORDER RE: MOTIONS IN LIMINE - 4

enhanced damages based on post-suit willfulness.  NXP presents no evidence of such a statement before its briefing on the present motion, filed only two weeks before trial.

Moreover, Impinj asked NXP about its damages theory during discovery; NXP did not mention willfulness in response.  In Interrogatory No. 2, Impinj requested:

> [T]he complete factual basis for Your contention that NXP is entitled to monetary damages, including the specific amount of money that You contend that Impinj owes NXP as a result of the infringement alleged in Your Infringement Contentions, the bases for Your damages calculations, including, without limitation the identification of each damages theory that You contend should be used in the damages calculation. . . .

Dkt. # 287-12 at 6–7.  NXP did not mention willfulness or enhanced damages in its responses to the interrogatory about the scope of its claim for monetary damages.  *Id.* at 7–8.  Nor did it do so in the expert damages reports incorporated into its response by reference.  If NXP intended to rely on an unpleaded category of damages, NXP could have at least provided notice of its willfulness theory in response to a contention interrogatory about damages.  *See MLC Intell. Prop., LLC v. Micron Tech., Inc.*, 10 F.4th 1358, 1372 (Fed. Cir. 2021) ("[C]ontention interrogatories . . . 'serve an important purpose in helping to discover facts supporting the theories of the parties.  Answers to contention interrogatories also serve to narrow and sharpen the issues thereby confining discovery and simplifying trial preparation.'" (citing *Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1280 (Fed. Cir. 2012))).  As noted above, NXP cites no interrogatory response or other document in which it stated plainly its intent to pursue enhanced damages based on post-suit willful infringement.

And indeed, Impinj's lack of knowledge about the scope of NXP's theory is evident from the motions-in-limine briefing itself.  Impinj's briefing focuses on the lack of *pre-suit* willful infringement.  Dkt. # 384 at 5.  In its opposition brief, NXP clarifies that it is *not* asserting willfulness based on Impinj's pre-suit conduct.  Dkt. # 467 at 2–3.  Rather, NXP is asserting

ORDER RE: MOTIONS IN LIMINE - 5

willful infringement only since the filing of the complaint. Impinj's confusion about the scope of NXP's argument highlights its lack of notice, and accordingly the prejudice Impinj would suffer if NXP is allowed to assert willfulness at this late stage of the case.

NXP had an opportunity to correct Impinj's misunderstanding earlier. Impinj first filed its motions in limine on March 10, 2023. Dkt. # 384. While the Court permitted the parties to defer submission of their motions-in-limine briefing until closer to trial, NXP still knew—at least as of March 10, 2023—that Impinj did not understand the scope of its willfulness argument. Rather than correct that misunderstanding by requesting leave to amend or by providing another form of notice, NXP waited over two months—until May 19, 2023, on the eve of trial—to file an opposition brief clarifying that it is seeking only post-suit willfulness damages.

All told, NXP presents no information that—before the filing of its MIL opposition brief less than two weeks before the scheduled trial date[3]—it ever directly informed Impinj that it was asserting willfulness for post-suit conduct. This constitutes undue delay (over three years after this case began, long after discovery closed, and on the eve of trial) and creates prejudice to Impinj, which would otherwise have to defend against a new post-suit willfulness theory. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("[T]he consideration of prejudice to the opposing party carries the greatest weight."); *see also Slot Speaker Techs., Inc. v. Apple, Inc.*, No. 13-CV-01161-HSG, 2017 WL 4354999, at *1 (N.D. Cal. Sept. 29, 2017) ("[T]he Court finds that Plaintiff unduly delayed in seeking leave to amend and failed to act with the requisite diligence in asserting a willful infringement claim based on Defendant's post-suit conduct."); *cf. Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (a motion to amend the pleadings "on the eve of the discovery deadline"

---

[3] NXP's opposition brief was filed on May 19, 2023. Trial was scheduled to begin June 5, 2023 (though it has been continued several days due to unforeseen scheduling conflicts).

ORDER RE: MOTIONS IN LIMINE - 6

causes prejudice); *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) ("[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.").[4] Accordingly, NXP's assertion of a post-suit willfulness theory is untimely, NXP's request to amend its complaint to assert a post-suit willfulness claim is denied, and Impinj's MIL is granted.[5]

The untimely disclosure of NXP's post-suit willfulness theory is enough to grant Impinj's MIL. While the Court bases its decision on timeliness grounds, the Court also notes that it has serious questions about the viability of any claim for enhanced damages based on willfulness. The Supreme Court has cautioned that enhanced damages are "reserved for egregious cases of culpable behavior." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 104 (2016). "The sort of conduct warranting enhanced damages has been variously described in our cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Id.* at 103–04.

Even if NXP were permitted to argue willfulness, the Court is skeptical that this is a case that merits enhanced damages. In its brief in opposition, NXP provides limited explanation of how Impinj's post-suit conduct is egregious enough to warrant enhanced damages. NXP states only that "Impinj's ongoing conduct, including its post-complaint release of new products with the accused functionalities, created the factual basis for NXP's post-suit willfulness claim."

---

[4] NXP's failure to timely disclose its claim for enhanced damages based on willfulness parallels its failure to timely disclose its lost-profit damages theory, which the Court already excluded as untimely. Dkt. # 452 at 13–21.

[5] The Court recognizes that it recently stated that it "is interested in hearing the merits of the case, not infighting about the precise timeliness of disclosure." Dkt. # 512 at 5; *see also id.* at 7. But the Court finds this situation distinguishable. Here, NXP is asserting an entirely new and unpleaded damages theory only two weeks before trial. This is different from an expert's modest adjustment of his report. And it is different than an expert's inclusion of non-infringing alternatives in a rebuttal—rather than opening—report.

ORDER RE: MOTIONS IN LIMINE - 7

Dkt. # 467 at 2; *see also id.* at 3. But the Court is skeptical that post-suit manufacturing and sale of accused products would alone justify enhanced damages. *See SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1330 (Fed. Cir. 2021) (district courts have discretion to award enhanced damages).

As other courts have observed, "[i]t seems beyond the pale to expect every patent defendant to cease all allegedly infringing conduct once a complaint is filed to force them to avoid enhanced damages for willful infringement." *Ravgen, Inc. v. Quest Diagnostics Inc.*, No. 221CV09011RGKGJS, 2022 WL 2047613, at *3 (C.D. Cal. Jan. 18, 2022) (quotation marks and citation omitted); *TecSec, Inc. v. Adobe Inc.*, No. 1:10-CV-115, 2019 WL 1233882, at *2 (E.D. Va. Mar. 14, 2019) ("Adobe's post-suit conduct in this case does not come close to rising to the level of culpability necessary for an award of enhanced damages. Adobe's continued sale of the infringing product without removing its infringing capability is merely typical infringement behavior that is not a proper basis for enhanced damages."); *Slot Speaker*, 2017 WL 4354999, at *2; *Arbmetrics, LLC v. Dexcom Inc.*, No. 18-CV-00134-JLS-KSC, 2019 WL 12473781, at *4 (S.D. Cal. Feb. 19, 2019); *M & C Innovations, LLC v. Igloo Prod. Corp.*, No. 4:17-CV-2372, 2018 WL 4620713, at *5 (S.D. Tex. July 31, 2018). Continued production and sale of the accused products is "the kind of 'garden-variety' patent case that *Halo* affirms is ill-suited for a finding of willfulness." *M & C Innovations*, 2018 WL 4620713, at *5. In a close case like this one—in which Impinj has asserted persuasive arguments in good faith to support its non-infringement and invalidity positions—enhanced damages are unlikely to be appropriate.[6]

---

[6] Closeness of the case is an important consideration for enhanced damages under *Read Corp. v. Portec, Inc.*, 970 F.2d 816 (Fed. Cir. 1992). For the one patent remaining in this case—the '097 Patent—the Court has repeatedly emphasized that it is a close question whether Impinj can be held liable. *See, e.g.*, Dkt. # 506 at 7 (Court noting that the validity of the patent presents a "somewhat close question"); *id.* at 8 ("This is not to say that the Court is without its concerns about the patent's validity."); Dkt. ## 376, 405 (Court modifying its construction of the "voltage-raising means" term of the '097 Patent, suggesting the reasonableness of various interpretations of the scope of the '097 Patent).

ORDER RE: MOTIONS IN LIMINE - 8

Ultimately, the Court need not reach the merits of any claim for enhanced damages based on willfulness. The Court finds that NXP did not disclose a theory of post-suit willfulness until the filing of its opposition brief, two weeks before trial. The Court finds this disclosure untimely, denies NXP's request to amend its complaint, and grants Impinj's MIL.

**Impinj MIL # 2: "Preclusion of Irrelevant Licenses"**

Impinj seeks an order precluding NXP from offering as evidence information about two license agreements: (1) the Intermec RFID Rapid Start Licensing Program (the "Intermec Licenses") and (2) a license agreement between Round Rock Research, LLC ("Round Rock") and Impinj (the "Round Rock License"). Dkt. # 384 at 6–13.

At the pretrial conference, the parties informed the Court that their dispute over NXP's use of various license agreements to support its damages calculations is moot. So the Court STRIKES this MIL as moot.[7]

Dated this 6th day of June, 2023.

John H. Chun
United States District Judge

---

[^] Moreover, based on its understanding of the case, the Court believes that nearly all of the *Read* factors cut against awarding enhanced damages.

[7] At the pretrial conference, counsel apparently referred to the "motion in limine regarding the Standing Rock licenses" when discussing the issue. Based on the briefing presented, the Court understands the motion in limine to be moot as to the Intermec Licenses, too (because Haas relies on that Intermec Licenses for his '092 Patent damages calculation). If the Court is mistaken, either party may inform the Court by emailing its courtroom deputy (copying opposing counsel), and the Court will provide a ruling as soon as practicable.

ORDER RE: MOTIONS IN LIMINE - 9