UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NXP USA, INC., and NXP B.V., <br><br> Plaintiffs, <br><br> v. <br><br> IMPINJ, INC., <br><br> Defendant. | CASE NO. 2:20-cv-01503-JHC <br><br> ORDER RE: OBJECTIONS |

On June 13, 2023, NXP objected to several slides in a demonstrative exhibit to be shown to the jury during the testimony of Dr. Kenney.[1]  NXP objects to slides 67, 87, and 91–93 (and any opinions related to the content of those slides).  The Court OVERRULES several objections and SUSTAINS an objection.

A.	Slide 67

NXP objects to three bullet points relating to a POSITA's motivation to combine Oowaki and Vega '809 found on slide 67.

The Court OVERRULES NXP's objections as to the first and second disputed bullet points.  Dr. Kenney's report discusses the leakage problems of DRAM.  *See* 425-2 at 31 (¶50)

---

[1] NXP also provided the Court with slides it used in presenting those objections.

ORDER RE: OBJECTIONS - 1

("It was known at least a decade before 2002 that charge leakage from a capacitor reduced the information voltage. For the well-known DRAM cell, this leakage and the effects. . . ."). Dr. Kenney's report also references that DRAM provides a low-cost, space-efficient solution. *See* Dkt. # 425-2 at 80 (¶127). To be sure, neither statement was included in the section of the report in which Dr. Kenney discusses the motivation to combine (e.g., the cost argument can be found when Dr. Kenney discusses a different prior art reference). But Dr. Kenney nevertheless disclosed these to be features of DRAM.

The Court SUSTAINS NXP's objection to the third bullet point. The Court could not identify any reference to "persistence" or storing "more information voltage" in the report. Impinj shall remove this bullet point and shall not allow Dr. Kenney to testify on this benefit.

B.   Slides 87, 91–93

NXP objects to slides 87 and 91–93 because Dr. Kenney's report allegedly does not identify the claimed "control signal." The Court OVERRULES NXP's objection.

Dr. Kenney's report states:

> Oowaki discloses a voltage booster circuit 26 that boosts a wordline voltage above the supply voltage and that uses a boosted voltage to drive a wordline connected to the gates of a memory pass transistor, allowing current to flow through the transistor to charge the capacitor in the DRAM cells. Figure 1 depicts how the *RA (row address) control signal* from element 24 being provided to row decoder via booster circuit 26 in order to write to cells in memory array (12).

Dkt. # 425-2 at 136–37 (¶208) (emphasis added). The report also states that "Oowaki discloses a wordline driver that generates a booted voltage Vwd above the supply voltage Vcc that are a raised version of *a control signal applied via RA control*." *Id.* at 147 (¶215) (emphasis added). While far from a model of clarity, in light of the tight time limitations placed on Dr. Kenney to

ORDER RE: OBJECTIONS - 2

produce his report, the Court believes that Dr. Kenney's report provided some guidance as to Impinj's theory that the "RA control"/"RAS"[2] serves as the control signal.

Impinj's briefing helps fill in the details. Impinj's reply brief clearly indicates Impinj's position that the RA control signal/RAS is the claimed control signal. Dkt. # 450 at 6 ("Dr. Madisetti does not dispute that the '097 patent control signal limitation can be met by Oowaki's *RA control signal*." (emphasis added)). And Impinj's supplemental brief spells out the theory in much greater detail. *See, e.g.*, Dkt. # 485 at 6–7 ("Oowaki's RA control signal, RAS, input into RA control block 24, is the recited 'control signal.'"). The Court recognizes that Dr. Kenney's report lacks the level of detail provided in Impinj's supplemental brief. But in light of the tight timelines imposed on Dr. Kenney to complete this report,[3] the Court declines to exclude this testimony.

NXP may, of course, present rebuttal evidence on these points.

Dated this 13th day of June, 2023.

John H. Chun
United States District Judge

---

[2] Oowaki's "RAS" is formatted to include a line over the three letters.
[3] Impinj objected to such a tight timeline. Dkt. # 415 at 3 ("Impinj respectfully submits that the June 5 trial date unnecessarily compresses the schedule for *revised expert reports*, depositions, motions and other pretrial matters. (emphasis added). By contrast, NXP asked that the compress schedule be maintained so as not to delay trial. *Id.* at 4.

ORDER RE: OBJECTIONS - 3