1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NXP USA, INC., and NXP B.V.,

                    Plaintiffs,

          v.

IMPINJ, INC.,

                    Defendant.

CASE NO. 2:20-cv-01503-JHC

ORDER RE: MOTION FOR
RECONSIDERATION

Before the Court is Impinj's motion for reconsideration of the Court's order regarding

certain opinions of Lauren R. Kindler.  Dkt. # 527 (motion).  NXP provided a response.  *See* Dkt.

# 533.  Impinj then provided a reply (Dkt. # 533), and NXP filed a surreply (Dkt. # 537).[1]

The Court DENIES the motion.  Dkt. # 527.  Impinj has not shown that the Court's prior

ruling represents "manifest error" or that there are "new facts or legal authority which could not

have been brought to its attention earlier with reasonable diligence."  LCR 7(h)(1).  While the

---

[1] Neither Impinj's reply nor NXP's surreply was authorized by the Court.  *See* LCR 7(h)(3)
(noting that the Court "*may* authorize a reply" (emphasis added)).  For that matter, neither was NXP's
response brief to Kindler's declaration.  Dkt. # 518.  The Court recognizes that the matter was time-
sensitive and the parties are occupied by trial.  But the parties are admonished to adhere to the local rules;
unauthorized filings will not be treated leniently in the future.

Court is sympathetic to some arguments raised in the motion, Impinj has not met the high bar for reconsideration. *Id.* ("Motions for reconsideration are disfavored.").

But the Court notes that some of NXP's representations to this Court conflict with its positions in the California case. For example, before this Court, NXP explains in detail why it was reasonable for Haas to adopt Kindler's "25%" figure "as a proxy" for the value of read sensitivity improvements (Haas provides no other justification in his report for his 25% figure). Dkt. # 287-2 at 95; *see also* Dkt. ## 533, 537. That argument presupposes that Kindler's 25% figure is reliable—if not, then Haas's quantitative apportionment *here* is unreliable (and the Court would be required to exclude it).[2] But in the California matter, NXP repeatedly criticizes the reliability of Kindler's 25% figure. *See* Dkt. # 527-4 at 20 ("Kindler's vague citations to discussions with Oliver and the 'evidence in the record' as the sole support for her 25% allocation demonstrate that her 'opinion' is the very impermissible 'black box' that lacks a 'sound economic and factual predicate[.]'" (citation omitted)); *id.* at 19 (describing Kindler's 25% figure as "the epitome of arbitrary"); Dkt. # 527-3 at 28 (moving to strike, *inter alia*, paragraphs 173 and 174 of Kindler's California report because "Kindler relied on Oliver's 'expertise' in order to determine the value to be assigned to each of four features of the Accused Products and each of the four asserted patents with respect to those features—indeed, she adopted his opinions"); *id.* at 29 ("Kindler's report is replete with citations to conversations with Oliver as providing support for her opinions, including concerning the apportionment of the value of the accused features of NXP's products, and the apportionment of that value to the value contributed by the asserted patents—indeed, he is the sole basis for her apportionment.").

---

[2] The Court notes that according to Kindler's California report, Kindler's 25% figure was not *expressly* based on a quantitative figure provided by Oliver. *See* Dkt. # 534-1 at 3.

The Court expressly relies on NXP's general position in this case—that Kindler's 25% figure is reliable enough to support Haas's 25% apportionment to read sensitivity—in denying this motion.[3]   NXP's positions in other matters should be viewed given the Court's reliance.

Impinj also objects to Haas's testimony on the ground that Kodritsch failed to lay adequate foundation at trial for Haas's apportionment figures.  Dkt. # 527 at 4–6.  Impinj cites no authority for the proposition that an expert can rely only on facts that are expressly stated at trial to support his conclusions.  *Cf.* Fed. R. Evid. 703 ("An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed.").

Finally, Impinj asks the Court to vacate its order because, it says, the order is too harsh. Dkt. # 527 at 7.  Impinj cites no authority suggesting that vacatur is appropriate in circumstances like these.  But the Court notes that while it ultimately found part of Kindler's apportionment methodology to be imperfect, the Court in no way meant to impugn Kindler professionally or as an expert.  To the contrary, Kindler's report on the whole was thorough, well-written, and thoughtful.  This is why the Court permitted the majority of Kindler's damages analysis.  And indeed, some of the problems that concerned the Court stem from legal issues (e.g., involving Federal Rule of Evidence 703) entirely unrelated to Kindler's economic work.  Finally, the Court emphasizes that its conclusion here is a narrow one: Based *only* on the particular facts and arguments presented to the Court, the Court concluded that some portions of Kindler's testimony would be inadmissible.  The prior order should not be read to cast doubt on Kindler's qualifications as an expert.

---

[3] Similarly, in the California case, NXP criticizes Kindler's 25% figure because it stems from an "equal-division" methodology.  *See* Dkt. # 527-4 at 18–21.  This is in tension with NXP's position in this case, where (1) Haas used a (modestly modified) equal-division approach, and (2) Haas expressly relied on Kindler's 25% figure for his own apportionment.

ORDER RE: MOTION FOR RECONSIDERATION - 3

Dated this 16th day of June, 2023.


John H. Chun
United States District Judge