UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NXP USA, INC., and NXP B.V.,<br><br>                     Plaintiffs,<br><br>  v.<br><br>IMPINJ, INC.,<br><br>                     Defendant. | CASE NO. 2:20-cv-01503-JHC<br><br>ORDER DENYING IMPINJ'S MOTION FOR ATTORNEYS' FEES |

## I

### INTRODUCTION

Before the Court is Impinj's motion for attorneys' fees. Dkt. # 583; *see also* Dkt. # 608 (reply brief). NXP opposes the motion. Dkt. # 594. For the reasons below, the Court DENIES the motion.

## II

### DISCUSSION

A "court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. An "'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing

ORDER DENYING IMPINJ'S MOTION FOR
ATTORNEYS' FEES - 1

law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* Pertinent factors may include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6 (citation omitted).

The Court cannot say that this case is "exceptional" under the totality of the circumstances. At bottom, NXP's litigation positions were at least plausible (or at minimum, not frivolous) for each asserted patent, and no other factor sufficiently nudges the Court to conclude that this is an exceptional case justifying an award of fees.

NXP's arguments as to the '092, '097, and '951 Patents had some merit. This is self-evident for at least the '092 and '097 Patents. For those patents, the Court wrestled repeatedly with the meaning of the patents' terms, demonstrating the strength of both parties' litigating positions. While the Court ultimately granted summary judgment to Impinj on the '092 Patent (Dkt. ## 505, 580, 590) and a jury ultimately found that Impinj does not infringe the '097 Patent (Dkt. ## 566, 567), the Court found NXP's claim constructions and infringement positions to be reasonable. NXP's position as to '951 Patent was weaker. The Court rejected NXP's reading of the "proportional" limitation and granted summary judgment to Impinj because no reasonable jury could conclude that the accused products compared a voltage proportional to the output of a multiplier stage with a reference voltage. Dkt. ## 247 at 46–49, 380 at 26–30. Still, the Court did not find this issue easy; NXP advanced colorable arguments in support of its infringement position.

Impinj says that NXP's arguments relied on attempts to "muddle" and "confuse[] the issues." Dkt. # 583 at 12, 14.  But one could just as easily characterize NXP's arguments as effective (and at times, successful) advocacy.  Both parties advanced plausible arguments about a set of patents with uncertain scope.

It is a closer question whether the same can be said for the "wafer" patents.  The Court granted Impinj's motion for summary judgment as to these three patents, holding that the license NXP's corporate predecessor gave to Taiwan Semiconductor Manufacturing Company (TSMC) prevents NXP from suing TSMC's purchasers (like Impinj) for infringement.  Dkt. ## 242, 248.  The Court stated that "[b]oth the Federal Circuit and several district courts have recognized that a transaction of this nature—in which a licensed manufacturer makes products under the design specifications of an unlicensed party—constitutes an authorized sale that exhausts the patentee's right to enforce the patent." *Id.* at 10.  The Court also explained that "the Federal Circuit rejected a near carbon copy of NXP's argument" almost 30 years ago. *Id.* at 11 (citing *Intel Corp. v. ULSI Sys. Tech., Inc.* 995 F.2d 1566, 1567–69 (Fed. Cir. 1993)).  But NXP's arguments permissibly tested the boundaries of the Federal Circuit's *ULSI* decision and the law of patent exhaustion.  While the Court did not find any of NXP's arguments on summary judgment to be particularly persuasive, the Court also cannot say that its arguments were frivolous.  And without more, a case cannot be deemed "exceptional" simply because a party's position is unlikely to succeed under existing case law; a contrary rule would prevent litigants from challenging the legal status quo.

Finally, Impinj says that NXP brought this meritless case to "harass Impinj in retaliation for asserting its own patents" in a separate action against NXP in the Northern District of California.  Dkt. # 583 at 5.  Impinj also says that "NXP's years long delay in bringing this suit reflects both the lack of merit and the fact that it was simply to harass Impinj." *Id.* at 8.  The

ORDER DENYING IMPINJ'S MOTION FOR
ATTORNEYS' FEES - 3

timing of the lawsuits—whereby NXP filed this action shortly after Impinj initiated its suit, despite Impinj selling the allegedly infringing products for years prior—is hard to ignore. But the Court cannot say that the purpose of the suit was improper given the substantive plausibility of most of NXP's arguments.

### III

### CONCLUSION

For the reasons above, the Court DENIES Impinj's motion for attorneys' fees. Dkt. # 583.

Dated this 31st day of August, 2023.

_John H. Chun_
John H. Chun
United States District Judge